IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA,
JACKSONVILLE DIVISION
CASE NO.: 3:20-cv-00036-BJD-JRK

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators of the Estate
of Curtis Dettmann,

      Plaintiff,

vs.

CENTURION OF FLORIDA, LLC; RAKESH
SHARMA; MARINETTE GONZALEZ; DAVID
RODRIGUEZ; G. PEDROZA; J. QUINTINO;
L. SWANSON; LPN C.S.; NURSE L.C.; K.
NIELSON; L. BROWN; L. ROBERTS; NURSE
[illegible]; C. SMITH;
K. MCCARTER; S. COOPER; T. ADKINS;
B. PURVIS; S. JACKSON; LPN A.R.; NIKKI
RICHARDSON; A. MASON; E. MORTON;
C. MOODY; T. MAHONEY; M. ROTH;
A. HARVEY; PRISCILLA ROBERTS;
TAMARA TAYLOR; ROBERT E. SMITH, JR.;
JULIE JONES; ERICH HUMMEL; THOMAS
REIMERS; TIMOTHY WHALEN; DAVID
ALLEN; and MAURICE RADFORD

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW the Defendant, **JULIE JONES,** by and through undersigned counsel, and file this their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and in support thereof state as follows:

1.     Unable to admit or deny as to the cause of death as calls for a Medical Opinion.

2.     Unable to respond as phrased as the allegation is directed to the Defendants collectively.

      As to Defendant JONES, this allegation is denied.

3. Denied.

4. Unable to admit or deny at this time as this allegation calls for a legal conclusion.

5. Unable to admit or deny at this time as this allegation calls for a legal conclusion.

6. Upon information and belief, admit.

7. Defendant is without knowledge.

8. Defendant is without knowledge.

9. Defendant is without knowledge.

10. Defendant is without knowledge.

11. Defendant is without knowledge.

12. Defendant is without knowledge.

13. Defendant is without knowledge.

14. Defendant is without knowledge.

15. Object to the phrase "color of law" as being vague and ambiguous. Notwithstanding, at all times relevant to this lawsuit, JONES was acting within the scope of her employment at FDC.

16. Defendant is without knowledge.

17. Defendant is without knowledge.

18. Defendant is without knowledge.

19. Defendant is without knowledge.

**ALLEGATIONS**

20. Defendant is without knowledge.

21. Admit Plaintiff was in the custody of the FDC but deny the remaining allegations.

22. Defendant is without knowledge.

23. Defendant is without knowledge.

24. Defendant is without knowledge.

25. Defendant is without knowledge.

26. Defendant is without knowledge.

27. Defendant is without knowledge.

28. Defendant is without knowledge.

29. Denied and further calls for a medical and/or expert opinion.

30. Denied.

31. Portions of this allegation are denied and portions the Defendant is without knowledge.

32. Defendant is without knowledge.

33. Defendant is without knowledge.

34. Defendant is without knowledge.

35. Defendant is without knowledge.

36. Defendant is without knowledge.

37. Defendant is without knowledge.

38. Defendant is without knowledge.

39. Denied.

40. Defendant is without knowledge.

41. Defendant is without knowledge and the medical records speak for themselves.

42. Defendant is without knowledge and the medical records speak for themselves.

43. Defendant is without knowledge and the medical records speak for themselves.

44. Defendant is without knowledge and this calls for a medical opinion.

45. Denied.

46. Portions of this allegation are denied and portions the Defendant is without knowledge

47. Defendant is without knowledge. Denied that Warden Smith did not conduct an adequate investigation.

48. Denied.

49. Denied.

50. Denied.

51. Portions of this allegation are denied and portions the Defendant is without knowledge

52. Portions of this allegation are denied and portions the Defendant is without knowledge

53. Portions of this allegation are denied and portions the Defendant is without knowledge

54. Portions of this allegation are denied and portions the Defendant is without knowledge

55. Portions of this allegation are denied and portions the Defendant is without knowledge

## COUNT I
## 42 U.S.C. § 1983 – EIGHT AMENDMENT
## CENTURION OF FLORIDA, LLC

56.-63. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 2
## 42 U.S.C. § 1983 – EIGHT AMENDMENT
## RAKESH SHARMA

64.-66. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 3
## 42 U.S.C. § 1983 – EIGHT AMENDMENT
## MARINETTE GONZALEZ

67.-69.     The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 4
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### DAVID RODRIGUEZ

70.-72.     The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 5
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### DAVID RODRIGUEZ

73.-75.     The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 6
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### J. QUNTINO

76.-78.     The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 7
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### L. SWANSON

79.-81.     The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 8
## 42 U.S.C. § 1983 – EIGHT AMENDMENT
## LPN C.S.

82.-84.     The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 9
## 42 U.S.C. § 1983 – EIGHT AMENDMENT
## NURSE L.C.

85.-87.     The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 10
## 42 U.S.C. § 1983 – EIGHT AMENDMENT
## K. NIELSON

88.-90.     The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 11
## 42 U.S.C. § 1983 – EIGHT AMENDMENT
## L. BROWN

91.-92.     The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 12
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### L. ROBERTS

94.-96.    The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 13
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### NURSE ~~~~~~~

97.-99.    The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 14
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### C. SMITH

100-102.    The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 15
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### K. MCCARTER

103.-105.    The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

## COUNT 16
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### S. COOPER

106.-108. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 17
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### T. ADKINS

109-111. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 18
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### B. PURVIS

112.-114. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 19
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### S. JACKSON

115.-117. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 20
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### LPN A.R.

118.-120. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 21
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### NIKKI RICHARDSON

121-123.  The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 22
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### A. MASON

124.-126.  The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 23
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### E. MORTON

127-129.  The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 23
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### C. MOODY

130.-132.  The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 25
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### T. MAHONEY

133.-135.	The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 26
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### M. ROTH

136.-138.	The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 27
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### A. HARVEY

139.-141.	The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 28
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### PRISCILLA ROBERTS

142.-144.	The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 29
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### TAMARA TAYLOR

145.-147.	The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 30
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### ROBERT E. SMITH, JR.

148-150. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 31
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### JULIE JONES

151. Defendant re-alleges her responses to allegations 1-55.

152. Denied.

153. .Denied.

### COUNT 32
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### ERICH HUMMEL

154-156. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 33
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### THOMAS REIMERS

157-159. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 34
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### TIMOTHY WHALEN

160-162. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 35
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### DAVID ALLEN

163-165. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 36
### 42 U.S.C. § 1983 – EIGHT AMENDMENT
### MAURICE RADFORD

166-168. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 37
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### DEFENDANTS RAKESH SHARMA; PRISCILLA ROBERTS; MARINETTE GONZALEZ; DAVID RODRIGUEZ; G. PEDROZA; J. QUINTINO; L. SWANSON; LPN C.S.; NURSE L.C.; K NIELSON; L. BROWN; L. ROBERTS; C. SMITH; K. MCCARTER; NURSE [illegible]; S. COOPER; T. ADKINS; B. PURVIS; S. JACKSON; LPN A.R.; NIKKI RICHARDSON; A. MASON; E. MORTON; C. MOODY; T. MAHONEY; M. ROTH; A. HARVEY

169-174. The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 38
### RESPONDEAT SUPERIOR
### CENTURION OF FLORIDA, LLC

175-178.   The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### COUNT 39
### F.S.A. § 768.19 – WRONGFUL DEATH
### CENTURION OF FLORIDA, LLC

179-183.   The allegations within this Count are not directed to Defendant JONES thus no response is required. To the extent a response is required, the allegations are denied or the Defendant is without knowledge.

### AFFIRMATIVE DEFENSES

1. To the extent the evidence supports Plaintiff failed to file the initial Complaint in this matter within the time prescribed by Fl. St. § 95.11(4)(d), the Plaintiff is barred from bringing all counts against this Defendant.

2. Defendant is not a "health care provider" as defined by Fl. St. § 766.202(4), therefore she is not subject to medical negligence claims pursuant to Fl. St. § 766.102 or the tolling provisions contained in Fl. St. § 766.106(4).

3. Defendant JONES did not have a legal duty to Dettmann thus Plaintiff's claim must fail.

4. If a duty did exist from JONES to Dettman, the duty was not breached by Defendant JONES nor is there sufficient evidence to prove a medical or legal causal connection between the involvement of Defendant JONES and the cause of Dettman's death.

5. To the extent, the Plaintiff had pre-existing medical conditions that went undiscovered, or if Plaintiff failed to timely report his medical condition or symptoms, and such delay caused or contributed to his untimely death, any award should be reduced by his percentage of negligence.

6. There is insufficient evidence to support a claim pursuant to 42 U.S.C. Sec. 1983 nor a claim for punitive damages and/or attorney's fees. The allegations in the light most favorable to the Plaintiff do not establish conduct that is punitive.

7. Defendant JONES is entitled to sovereign immunity based on the facts and allegations as pled.

8. Defendant reserves the right to amend this answer to assert additional affirmative defenses as discovery continues and additional evidence is presented.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Mail to: **Jesse Wilkison, Esquire**, *Attorney for Plaintiff* at sheplaw@sheppardwhite.com; **Arthur Loevy, Esquire**, *Co-Counsel for Plaintiff* at arthur@loevy.com; sarah@loevy.com; weil@loevy.com on this 26 day of March, 20 20.

/s/ Michael Glass

**MICHAEL L. GLASS, ESQUIRE**
FBN: 081272
**MARK PIONESSA, ESQUIRE**
FBN: 105479
**CHRISTINE N. GARGANO, ESQUIRE**
FBN: 0124695
**STONE, GLASS & CONNOLLY, LLP**
3020 Hartley Road, Suite 250
Jacksonville, Florida 32257
Telephone: (904) 886-1919
Facsimile: (904) 886-9292
Service emails: mglass@sgc-attorneys.com
pleadings@sgc-attorneys.com
thumphrey@sgc-attorneys.com
Attorneys for Defendants