**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators of the
ESTATE OF CURTIS DETTMANN,

      **Plaintiffs,**

v.                                                  **Case No.** 20-cv-0036-BJD-JRK

CENTURION OF FLORIDA, LLC, et al.,

      **Defendants.**
_____

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | June 12, 2020 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[all parties are directed to complete and file the attached] | June 12, 2020 |
| **Motions to Add Parties or to Amend Pleadings** | October 12, 2020 |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant: | April 21, 2021 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | Fact Discovery Deadline: March 12, 2021<br><br>Expert Discovery Deadline: May 31, 2021 |

| | |
|---|---|
| **Dispositive and <u>Daubert</u> Motions**<br>[Court requires 4 months or more before trial term begins] | June 30, 2021 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must** **not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived).  Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month.  If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | November 2021 |
| **Estimated Length of Trial**  [trial days] | 10-15 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**<br>Deadline:<br><br>Mediator:<br>Address:<br><br><br>Telephone:<br><br>[Mediation is <u>mandatory</u> in most Track Two cases; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation.  A list of certified mediators is available on the Court's website and from the Clerk's Office.] | The parties will discuss settlement by October 19, 2020.<br><br>Mediation deadline: March 15, 2020<br><br>The parties have not yet selected a particular mediator but will plan to confer about a mediator by October 19, 2020. |
| **All Parties Consent to Proceed Before Magistrate Judge**<br>If yes, the parties shall complete and <u>all</u> counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes\_\_\_\_      No\_X\_ |

I.      Meeting of Parties

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.)  Pursuant to Local Rule 3.05(c)(2)(B) or

(c)(3)(A), a meeting was held by telephone on May 12, 2020 at approximately 10:00 a.m. and was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| Sarah Grady | Plaintiffs |
| Steven Weil | Plaintiffs |
| Jesse Wilkison | Plaintiffs |
| Eliot Peace | Centurion Defendants |
| Brian Wahl | Centurion Defendants |
| Michael Glass | FDC Defendants |

**II.     Preliminary Pretrial Conference**

**Track Two cases:** Parties (check one) [__] request [_X_] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

_____n/a_____

_____

_____

**III.    Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties (check one) [__] have exchanged [_X_] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by __June 12, 2020_____ (date).

**IV.    Agreed Discovery Plan for Plaintiffs and Defendants**

   **A.     Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and

serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  <u>Any party who has not already filed and served the required certificate is required to do so</u> **immediately**.  Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer.  A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

    **B.**    **Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  Parties should exchange discovery in the most efficient way, which usually means electronically.  In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook, available on the Court's website: www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf.  Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline or those that fail to comply with the meet and confer requirements contained in Local Rule 3.01(g). The Court notes that the words "confer" and "good faith"

contemplate the parties will exchange thoughts and arguments to try to resolve an issue and will not simply engage in a unilateral noticing that a motion will be filed. In addition to agreeing to comply with the above, the parties agree as follows:

The parties agree to the following deposition plan: (a) all parties, (b) witnesses identified in any party's Rule 26(a)(1) disclosures, (c) experts, and (d) 5 additional witnesses.

### C.    Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties agree to confer about the entry of a confidentiality order no later than July 13, 2020, and to promptly raise any areas of dispute with the Court.

**D.     Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

The parties agree to confer about the possible entry of an ESI plan or protocol no later than July 13, 2020. The parties agree to raise any disputes with the Court regarding any such possible ESI plan or protocol no later than August 13, 2020.

**V.     Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have *not yet* agreed on a mediator from the Court's approved list of mediators as set forth in the table above, *but have agreed to confer regarding a mediator on* the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov.  If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI.    Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral): n/a

Date: May 26, 2020

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

/s/ Sarah Grady
Sarah Grady
*Admitted pro hac vice*
Loevy & Loevy
311 North Aberdeen St., 3rd Fl.
Chicago, IL 60607
Phone: (312) 243-5900
Fax: (312) 243-5902
sarah@loevy.com

/s/ Jesse Wilkison
Sheppard, White, Kachergus, DeMaggio & Wilkison, P.A.
215 Washington Street
Jacksonville, Florida 32202
Phone: (904) 356-9661
Facsimile: (904) 356-9667
Email: sheplaw@sheppardwhite.com


*/s/ Eliot B. Peace*
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue N.
Birmingham, AL 35203
Tel: (205) 521-8800
bwahl@bradley.com

Eliot B. Peace (FBN 124805)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
epeace@bradley.com

_s/  Michael L. Glass
**MICHAEL L. GLASS, ESQUIRE**
FBN: 081272
**CHRISTINE N. GARGANO, ESQUIRE**
FBN: 0124695
**STONE, GLASS & CONNOLLY, LLP**
3020 Hartley Road, Suite 250
Jacksonville, Florida 32257
Telephone: (904) 886-1919
Facsimile: (904) 886-9292
Service emails: mglass@sgc-attorneys.com
pleadings@sgc-attorneys.com
thumphrey@sgc-attorneys.com