UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators
of the Estate of Curtis Dettmann,

        Plaintiffs,

v.                                    Case No. 3:20-cv-36-J-39JRK

CENTURION OF FLORIDA, LLC,
et al.,

        Defendants.
_____

**ORDER**

Before the Court is Plaintiffs' Application for Order Approving Division of Attorney Fees and Contingent Fee, filed under seal with the Court's permission (Doc. S-77; Pl. App.).

With respect to fee agreements between attorneys of different firms jointly representing a client, Rule 4-1.5(f)(4)(D)(iii) of the Rules Regulating the Florida Bar provides as follows:

> The 25% limitation will not apply to those cases in which 2 or more lawyers or firms accept substantially equal active participation in the providing of legal services. In those circumstances counsel must apply to the court . . . for authorization of the fee division in excess of 25%, based on a sworn petition signed by all counsel that discloses in detail those services to be performed.

The Rule also provides, [a]n application under this subdivision must contain a certificate showing service on the client." R. Regulating Fla. Bar 4-1.5(f)(4)(D)(iii).

Plaintiffs' lawyers, each with different firms, represent they "assume joint responsibility for this specific representation and agree to be available for consultation with the clients," the division of fees is proportional to the services to be performed by each firm, and their clients are aware of and approve the agreement. See Pl. App. at 2. Both lawyers have signed the application, though it does not include a certificate showing it was served on Plaintiffs, and the lawyers do not disclose "in detail" the services to be performed. Id. at 2, 8. This Court has previously stated, however, that technical defects in a petition seeking approval of a fee agreement are not fatal if the attorneys have established a co-counsel relationship. Wright v. Ford Motor Co., 982 F. Supp. 2d 1292, 1294 (M.D. Fla. 2013) (citing R. Regulating Fla. Bar 4-1.5 cmt.).

The lawyers have established a co-counsel relationship through their representation of such and through their filings on the docket. For instance, both firms have appeared on Plaintiffs' behalf since the filing of the original complaint (Doc. 1), the docket reflects both firms have handled aspects of the case, and the lawyers certify they "accept substantially equal active participation in the providing of legal services and agree to

2

assume joint responsibility for the representation and agree to be available for consultation with the clients." See Pl. App. at 3. Moreover, the lawyers certify their clients' approval of the agreement, and they attach a signed retainer agreement (Doc. S-77-1), which Plaintiff Dettmann signed and which specifies the division of fees among the firms. Thus, the lawyers may divide fees as set forth in the application.

With respect to contingency fees, the relevant Rule provides as follows:

> If any client is unable to obtain a lawyer of the client's choice because of the limitations set forth in subdivision (f)(4)(B)(i), the client may petition the court . . . for approval of any fee contract between the client and a lawyer of the client's choosing. Authorization will be given if the court determines the client has a complete understanding of the client's rights and the terms of the proposed contract.

R. Regulating Fla. Bar 4-1.5(f)(4)(B)(ii). Plaintiffs' lawyers represent Plaintiffs "would not be able to obtain the lawyer of their choice because of the limitations" on contingency agreements set forth under Rule 4-1.5(f)(4)(B)(i). See Pl. App. at 2. Additionally, they represent Plaintiffs "have agreed to the contingent fee and understand their rights." Id. at 7. A retainer agreement signed by Plaintiff Caron Dettmann is attached to the Application (Doc. S-77-1), which evidences Plaintiffs' consent and understanding. The agreement required Plaintiff Dettmann to choose one of two options for representation, and she checked and

3

initialed "Option B," which provides for a contingency fee as stated in the application.

Accordingly, for the reasons stated, Plaintiffs' Application for Order Approving Division of Attorney Fees and Contingent Fee (Doc. S-77) is **GRANTED**. Because this Order does not disclose the terms of the fee agreements, the **Clerk** shall file it on the public docket.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of August 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Counsel of Record

4