UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAH MCCRIMMON and CARON DETTMANN, as Co-Administrators of the Estate of Curtis Dettmann,

        Plaintiffs,

v.                         Case No. 3:20-cv-36-J-39JRK

CENTURION OF FLORIDA, LLC, et al.,

        Defendants.
_____

**ORDER**

Before the Court is Defendants' joint motion to stay discovery (Doc. 75; Motion). Defendants seek a stay in discovery until the Court rules on their pending motions to dismiss. See Motion at 3-4. They argue that if the motions are granted, the case would be "fully resolve[d]," and even if the motions are only partially granted, the "issues and number of defendants will likely be streamlined." Id. at 4. Defendants assert, "[B]eginning discovery before the Court resolves the motions to dismiss will impose an undue burden and significant costs." Id.

Plaintiffs oppose the requested relief (Doc. 76; Pl. Resp.), arguing Defendants' motions to dismiss are not "a slam-dunk," and

the claims asserted against Defendants are not "dubious." See Pl. Resp. at 3.

In support of their motion, Defendants rely primarily upon the following statement in an Eleventh Circuit decision: "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." See Motion at 3 (quoting Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted)).

The factual and procedural history of the Chudasama case are significantly different than those in this case. Indeed, the Eleventh Circuit made the above statement in recognition that the district court "effectively abdicate[d] its responsibility to manage [the] case" by never ruling on a motion to dismiss that was ripe for over eighteen months and refusing to rule on discovery disputes the parties routinely brought before the court. Id. at 1356, 1360, 1361-62.

The court was particularly concerned that the district court compelled Defendants to respond to "vague and overly broad discovery requests" on all claims, including a "dubious" and "legally unsupported" fraud claim, which was the sole count the defendants moved to dismiss and which "significantly enlarge[d] the scope of discovery." Id. at 1357, 1368. It was in this context that the court held, "[W]hen faced with a motion to dismiss a claim

2

for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible. The court's duty in this regard becomes all the more imperative when the contested claim is especially dubious." Id. at 1368.

District courts have since noted Chudasama does not stand for the proposition that discovery must be stayed when a motion to dismiss is pending. See, e.g., Romacorp, Inc. v. Prescient, Inc., No. 10-22872-CIV, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) ("Various courts have recognized that [Chudasama] does not stand for the broad proposition that a court must stay discovery when there is a pending motion to dismiss."); Bocciolone v. Solowsky, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) ("Since the Eleventh Circuit handed down Chudasama, it has been analyzed on numerous occasions, and courts have consistently rejected any per se requirement to stay discovery pending resolution of a dispositive motion.").

Notably, the Middle District's Civil Discovery Handbook expressly notes a motion to stay discovery is not justified simply because a motion to dismiss is pending: "Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted." M.D. Fla. Civil Discovery Handbook I.E.4.

3

A stay of discovery should be the exception rather than the rule. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." Ray v. Spirit Airlines, Inc., No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012). In considering whether a party satisfies its burden on a motion to stay discovery, a court should "take a preliminary peek" at the motion to dismiss to see if "there appears to be an immediate and clear possibility that it will be granted." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

Absent a clear indication a case will be dismissed in its entirety, a motion to stay should be denied. See, e.g., Datto v. Fla. Int'l Univ. Bd. of Trustees, No. 1:20-CV-20360, 2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020) (denying the defendant's motion to stay discovery because the plaintiff did not raise "an especially dubious" claim, unlike the plaintiff in Chudasama); Ray v. Spirit Airlines, Inc., No. 12-61528-CIV, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (declining to stay discovery because a preliminary peek at the motion to dismiss and response did not indicate the case was "surely destined for dismissal"); S.K.Y. Mgmt. LLC v. Greenshoe, Ltd., No. 06-21722-CIV, 2007 WL 201258, at *2 (S.D. Fla. Jan. 24, 2007) (denying the motion to stay because a preliminary review of the motion to dismiss showed it was more likely than not that some claims would survive).

4

The Court has preliminarily reviewed Defendants' motions to dismiss (Docs. 63, 64, 68) and Plaintiffs' consolidated response (Doc. 72). Defendants raise arguments that, if successful, could result in the dismissal of the claims against them. However, Plaintiffs offer colorable arguments in response. Additionally, Plaintiffs do not assert claims that appear obviously "dubious" or legally unfounded. See Amended Complaint (Doc. 12). Rather, the primary constitutional claims are straightforward: Plaintiffs allege Defendants were deliberately indifferent to the serious medical needs of decedent, Curtis Dettmann, who died from a medical condition that Defendants failed to identify and treat despite Mr. Dettmann's complaints, requests, and obviously deteriorating physical condition. See generally Amended Complaint.

Upon review, the Court is not convinced it is more likely than not that all claims against all Defendants are destined for dismissal such that a stay in discovery is warranted. Defendants' unsubstantiated assertion that engaging in discovery now will "impose an undue burden" on them is insufficient to justify a stay in discovery when a "preliminary peek" at the motions to dismiss does not impress upon the Court that all claims against Defendants are likely to be dismissed. See Ray, 2012 WL 5471793, at *3 (noting the defendant did not identify "in any specific and tangible way

the unreasonable discovery burdens it [would] face absent a stay").[1]

Accordingly, the Court **denies** Defendants' joint motion to stay discovery (Doc. 75).

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of October 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

Jax-6
c:
Counsel of Record

---

[1] The undersigned expresses no opinion on whether the motions to dismiss will ultimately be meritorious, as those motions are pending before the Honorable Brian J. Davis, United States District Judge.

6