# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SARAH MCCRIMMON and                    )
CARON DETTMANN, as Co-                 )
Administrators of the Estate of        )
Curtis Dettmann,                       )
                                       )
    Plaintiffs,                     )
                                       )   Case No.: 3:20-cv-00036-BJD-JRK
v.                                     )
                                       )
CENTURION OF FLORIDA, LLC,             )
et al.,                                )
                                       )
    Defendants.                     )

## CENTURION DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF NO. 12]

Defendants Centurion of Florida, LLC ("Centurion"), Marinette Gonzalez

Morales, Elizabeth Morton, David Rodriguez, Rakesh Sharma, Tamara Taylor,

Priscilla Roberts, and Gerardo Pedroza (collectively, the "Centurion Defendants")

file their Answer and Affirmative Defenses to the First Amended Complaint[1] and

state as follows:

---

[1] On February 8, 2021, the Court granted in part a Motion to Dismiss filed on behalf of the Centurion Defendants and co-Defendants who were dismissed. ECF No. 95. The remaining claims against the Centurion Defendants, according to the Order (ECF No. 95 at 31) are as follows:

> [T]he following claims proceed: deliberate indifference against Centurion, the Centurion Doctors (Sharma, Gonzalez, Rodriguez, and Pedroza), Nurses Morton and Mahoney, and the Centurion Administrators (P. Roberts and T. Taylor); intentional infliction of emotional distress against the Centurion Doctors (Sharma, Gonzalez, Rodriguez, and Pedroza), Nurses Morton and Mahoney, and P. Roberts; and wrongful death against Centurion.

## ANSWER

### Introduction

1.    Admitted that Curtis Dettmann ("Decedent") died on January 23, 2018. Otherwise, denied.

2.    Admitted Decedent was a prisoner at the Reception and Medical Center ("RMC") preceding his death. Otherwise, denied.

3.    Denied.

### Jurisdiction and Venue

4.    Admitted for purposes of jurisdiction.

5.    Admitted for purposes of venue.

### Parties

6.    Without knowledge to by whom Decedent is survived. Otherwise, admitted.

7.    Without knowledge, therefore denied.

8.    Without knowledge, therefore denied.

9.    Admitted that Centurion of Florida, LLC ("Centurion") contracted with the Florida Department of Corrections ("FDC") to provide contractually specified healthcare services at some FDC facilities, including at RMC. Otherwise, denied.

10.    Admitted that Dr. Rakesh Sharma was medical director at RMC at the relevant time. Otherwise, denied.

11.    Admitted that Priscilla Roberts was a Health Services Administrator for the Out-Patient Department at RMC for Centurion at the relevant time. Otherwise, denied.

12.    Admitted that Tamara Taylor was a Regional Director for Centurion at the relevant time. Otherwise, denied.

13.    Admitted that Drs. Marinette Gonzalez Morales, David Rodriguez, and Gerardo Pedroza were physicians working for Centurion at RMC at the relevant time. Otherwise, denied.

14.    Admitted that Elizabeth Morton was a nurse who worked pursuant to the contract between Centurion and DOC and who worked at RMC at the relevant time.  Otherwise, as to allegations against Morton, denied. The remaining defendants that are the subject of the allegations in this paragraph have been dismissed (with the exception of T. Mahoney, who is not represented by undersigned counsel) and, therefore, no response is required.

15.    Without knowledge, therefore denied.

16.    Without knowledge, therefore denied.

17.    Without knowledge, therefore denied.

18.    Without knowledge, therefore denied.

19.    Without knowledge, therefore denied.

## Allegations

20.    Without knowledge, therefore denied.

21.    Admitted Decedent was housed at RMC. Otherwise, denied.

22.    Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

23.    Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

24.    Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

25.    Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Denied that Decedent weighed 134 pounds at the time of arrival. Otherwise, denied.

26.    Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Gonzalez specifically denies any allegation that she failed to provide proper care to Decedent. Otherwise, denied.

27.    Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

28.    Without knowledge, therefore denied.

29.    Denied.

30. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Gonzalez specifically denies any allegation that she failed to provide proper care to Decedent. Otherwise, denied.

31. Denied.

32. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Rodriquez specifically denies any allegation that he failed to provide proper care to Decedent. Otherwise, denied.

33. Denied.

34. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Pedroza specifically denies any allegation that he failed to provide proper care to Decedent. Otherwise, denied.

35. Denied.

36. Without knowledge, therefore denied.

37. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

38. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Rodriquez specifically denies any allegation that he failed to provide proper care to Decedent. Otherwise, denied.

39.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves.  Gonzalez specifically denies any allegation that she failed to provide proper care to Decedent.  Otherwise, denied.

40.     Admitted Decedent was discharged. Otherwise, denied.

41.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves.  Gonzalez and Sharma specifically deny any allegation that they failed to provide proper care to Decedent. Otherwise, denied.

42.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves.  Nurse Morton specifically denies any allegation that she failed to provide proper care to Decedent.  Otherwise, denied.

43.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves.  Nurse Morton specifically denies any allegation that she failed to provide proper care to Decedent.  Otherwise, denied.

44.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves.  Otherwise, denied.

45.     Admitted that Plaintiff Sarah McCrimmon made email and phone contact with some named Defendants. Otherwise, denied.

46.     Admitted that Plaintiff Sarah McCrimmon contacted Centurion personnel regarding Decedent and that Defendant Roberts wrote back to Plaintiff McCrimmon. Otherwise, denied.

47.     Without knowledge, therefore denied.

48.     Denied.

49.     Denied.

50.     Without knowledge, therefore denied.

51.     Without knowledge, therefore denied.

52.     Without knowledge, therefore denied.

53.     Admitted Plaintiff McCrimmon contacted Defendant Taylor. Otherwise, denied.

54.     Denied.

55.     Admitted that Plaintiff Sarah McCrimmon made email and phone contacts on behalf of Decedent. Otherwise, without knowledge, therefore denied.

### COUNT I – 42 U.S.C. § 1983 – Eight Amendment – Centurion

56.     Centurion incorporates the responses in paragraphs 1–55.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.    Denied.

62.    Denied.

63.    Denied.

To the extent the unnumbered paragraph following paragraph 63 requires a response, denied.

### COUNT II – 42 U.S.C. § 1983 – Eighth Amendment – Dr. Sharma

64.    Dr. Sharma incorporates the responses in paragraphs 1–55.

65.    Denied.

66.    Denied.

To the extent the unnumbered paragraph following paragraph 66 requires a response, denied.

### COUNT III – 42 U.S.C. § 1983 – Eighth Amendment – Dr. Gonzalez

67.    Dr. Gonzalez incorporates the responses in paragraphs 1–55.

68.    Denied.

69.    Denied.

To the extent the unnumbered paragraph following paragraph 69 requires a response, denied.

### COUNT IV – 42 U.S.C. § 1983 – Eighth Amendment – Dr. Rodriguez

70.    Dr. Rodriguez incorporates the responses in paragraphs 1–55.

71.    Denied.

72.    Denied.

To the extent the unnumbered paragraph following paragraph 72 requires a response, denied.

### COUNT V – 42 U.S.C. § 1983 – Eighth Amendment – Dr. Pedroza

73.    Dr. Pedroza incorporates the responses in paragraphs 1–55.

74.    Denied.

75.    Denied.

To the extent the unnumbered paragraph following paragraph 75 requires a response, denied.

### COUNT XXIII[2] – 42 U.S.C. § 1983 – Eighth Amendment – E. Morton

127.    E. Morton incorporates the responses in paragraphs 1–55.

128.    Admitted that Morton saw the Decedent one or more times during the period in question.  Otherwise, denied.

129.    Denied.

To the extent the unnumbered paragraph following paragraph 129 requires a response, denied.

---

[2] In the Court's February 8, 2021 Order (ECF No. 95), the Court dismissed counts 6 through 22. So no response is required for the allegations in those counts. To the extent a response is required, without knowledge, therefore denied.

9

**COUNT XXVIII[3] – 42 U.S.C. § 1983 – Eighth Amendment – Priscilla Roberts**

142. Roberts incorporates the responses in paragraphs 1–55, and 57–63.

143. Denied.

144. Denied.

To the extent the unnumbered paragraph following paragraph 144 requires a response, denied.

**COUNT XXIX – 42 U.S.C. § 1983 – Eighth Amendment – Tamara Taylor**

145. Taylor incorporates the responses in paragraphs 1–55, and 57–63.

146. Denied.

147. Denied.

To the extent the unnumbered paragraph following paragraph 147 requires a response, denied.

**COUNT XXXVII[4] – Intentional Infliction of Emotional Distress – Sharma, Gonzalez, Rodriguez, Pedroza, Roberts, and Morton[5]**

169. Sharma, Gonzalez, Rodriguez, Pedroza, Roberts, and Morton incorporate the responses in paragraphs 1–55.

170. Denied.

---

[3] In the Court's February 8, 2021 Order (ECF No. 95), the Court dismissed counts 24, and 26–27. So no response is required for the allegations in those counts. Defendant T. Mahoney is no longer a Centurion Defendant, so no response is required for count 25. To the extent a response is required, without knowledge, therefore denied.

[4] Counts 30 through 36 are not against the Centurion Defendants, so no response is required. To the extent a response is required, without knowledge, therefore denied.

[5] In the Court's February 8, 2021 Order (ECF No. 95), the Court dismissed counts 37 against all Centurion Defendants except Sharma, Gonzalez, Rodriguez, Pedroza, Roberts, and Morton.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

To the extent the unnumbered paragraph following paragraph 174 requires a response, denied.

## COUNT XXXIX[6] – Wrongful Death – Centurion

Centurion filed a motion for reconsideration regarding this Court's February 8, 2021 Order (ECF No. 95) that denied Centurion's motion to dismiss count 39 on the basis of sovereign immunity. Should the Court deny Centurion's motion for reconsideration, Centurion will file a supplemental answer addressing the allegations in count 39.

## JURY DEMAND

The Centurion Defendants demand a trial by jury on all issues so triable.

---

[6] In the Court's February 8, 2021 Order (ECF No. 95), the Court dismissed count 38. So no response is required for the allegations in that count. To the extent a response is required, denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Plaintiffs' First Amended Complaint fails to state facts against Centurion Defendants that would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

### THIRD DEFENSE

Plaintiffs fail to establish that Centurion was independently liable for a violation of § 1983 and fails to satisfy all elements of the claim. Plaintiffs, therefore, fail to establish and cannot establish that Centurion violated Decedent's constitutional rights.

### FOURTH DEFENSE

Centurion Defendants are not liable for the acts or omissions of any other person.

**FIFTH DEFENSE**

Centurion Defendants, to the extent applicable, assert all affirmative defenses listed in Rule (8)(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

**SIXTH DEFENSE**

The damages allegedly suffered by Decedent, if any, were the result of his own acts and/or his failure to mitigate his damages.

**SEVENTH DEFENSE**

Plaintiffs cannot establish that Centurion Defendants acted with a deliberate indifference to Decedent's serious medical need.

**EIGHTH DEFENSE**

Any purported injury to Decedent was not caused by Centurion Defendants and, instead, was caused by other factors including, but not limited to, other actors.

**NINTH DEFENSE**

Centurion Defendants are immune under the federal doctrine of qualified immunity.

## TENTH DEFENSE

Centurion Defendants are immune under Florida State law, including, but not limited to, Florida's sovereign immunity statute, which immunizes the Centurion Defendants and places a cap on Plaintiffs' damages.

## ELEVENTH DEFENSE

Centurion Defendants assert that some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

## RESERVATION OF DEFENSES

Centurion Defendants reserve the right to affirmatively plead all other defenses and affirmative defenses available to them that may become applicable through discovery and during the trial of this cause.

## GENERAL DENIAL

To the extent not expressly admitted above, Centurion Defendants deny every other allegation in the First Amended Complaint that makes a claim against them. Centurion Defendants deny any claim or allegation that they denied Decedent needed medical care or that they acted with deliberate indifference to any serious medical need of Decedent. Centurion Defendants also deny that they denied Decedent due process or any other right. Centurion Defendants further deny that Plaintiffs are entitled to any relief whatsoever.

Dated: March 1, 2021.

/s/ Brian A. Wahl
Brian A. Wahl (FBN 95777)
R. Craig Mayfield (FBN 429643)
Jacob Hanson (FBN 91453)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, FL  33602
Telephone: (813) 229-3333
bwahl@bradley.com
cmayfield@bradley.com
jhanson@bradley.com

**Counsel for Defendants Centurion of Florida, LLC, Marinette Gonzalez Morales, Elizabeth Morton, David Rodriguez, Rakesh Sharma, Tamara Taylor, Priscilla Roberts, and Gerardo Pedroza**

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, as follows:

Jesse B. Wilkison, Esq.
Sheppard, White, Kachergus & DeMaggio, P.A.
215 N. Washington Street
Jacksonville, FL 32202
sheplaw@sheppardwhite.com
**Counsel for Plaintiff**

Arthur R. Loevy, Esq.
Sarah C. Grady, Esq.
Stephen H. Weil, Esq.
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607

sarah@loevy.com
arthur@loevy.com
weil@loevy.com
***Co-Counsel for Plaintiff***

Michael L. Glass, Esq.
Christine N. Gargano, Esq.
Stone, Glass & Connolly, LLP
3020 Hartley Road, Suite 250
Jacksonville, FL 32257
mglass@sgc-attorneys.com
pleadings@sgc-attorneys.com
thumphrey@sgc-attorneys.com

***Counsel for Julies Jones, Erich Hummel, Thomas Reimers,***
***Timothy Whalen and David Allen***

Niels P. Murphy, Esq. & Jordan Janoski, Esq.
Murphy & Anderson P.A.
1501 San Marco Blvd.
Jacksonville, FL 32207
nmurphy@murphyandersonlaw.com
jjanoski@murphyandersonlaw.com
***Counsel for Lois Brown, Lorie Swanson and Barbara Purvis***

Barry A. Postman, Esq.
Chelsea Furman, Esq.
Claire R. Hurley, Esq.
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9234
Primary e-mail: barry.postman@csklegal.com
Secondary e-mail: barry.postman@csklegal.com
***Counsel for Defendant Sharon Cooper and Tabatha Mahoney***

16

*/s/ Brian A. Wahl*

**Counsel for Defendants Centurion of Florida, LLC, Marinette Gonzalez Morales, Elizabeth Morton, David Rodriguez, Rakesh Sharma, Tamara Taylor, Priscilla Roberts, and Gerardo Pedroza**

17