UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators
of the Estate of Curtis
Dettmann,

        Plaintiffs,

v.

CENTURION OF FLORIDA, LLC,
et al.,

        Defendants.

_____

Case No. 3:20-cv-36-BJD-JRK

## **ORDER**

The Centurion Defendants move for entry of a protective order under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (Doc. 114; Motion). Plaintiffs and the other Defendants do not oppose entry of the proposed protective order (Doc. 114-1). See Motion at 5; Plaintiff's Notice (Doc. 124). The Centurion Defendants contend a protective order is necessary to expedite the flow the discovery and because "documents exchanged are likely to contain some combination of . . . confidential information," such as protected health information, trade secrets, personal identifying information, and the like. See Motion at 3-4.

Rule 26(c)(1) provides in pertinent part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> …
>
> **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way ….

Fed. R. Civ. P. 26(c)(1)(G). The movant must demonstrate good cause to justify entry of a protective order under this Rule. Id. See also Chicago Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001). "[W]hether good cause exists . . . is a factual matter to be decided by the nature and character of the information in question." Id. at 1315.

A litigant does not satisfy the good-cause standard under Rule 26 merely by showing all parties agree that certain documents should be designated as confidential. See BMO Harris Bank, N.A. v. Richert Funding, LLC, No. 1:15-CV-3886-AT, 2018 WL 6709545, at *1 (N.D. Ga. Jan. 5, 2018) (citing Chicago Trib. Co., 263 F.3d at 1313)). Rather, the party seeking entry of a protective order must "make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." St. Louis Condo. Ass'n Inc. v. Rockhill Ins. Co., No. 18-21365-CIV, 2019 WL 2011401, at *2 (S.D. Fla. Mar. 11, 2019) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). See also Classic Soft Trim, Inc. v. Albert, No.

618CV1237ORL78GJK, 2020 WL 6730978, at *2 (M.D. Fla. Oct. 8, 2020) ("[A] Court should only issue a protective order when the movant demonstrates, through affidavit or testimony, the specific harm that would result from disclosure or loss of confidentiality."). While district courts may enter "umbrella" protective orders in complex cases—to expedite discovery and avoid the cumbersome document-by-document approach to designating information as confidential—the movant still must make a good-cause showing. See, e.g., Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1122 (3d Cir. 1986). "A district court must articulate its reasons for granting a protective order sufficient for appellate review." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987).

In support of their motion for entry of a protective order, the Centurion Defendants offer only generalities and conclusory statements. They fail to "make a particular and specific demonstration of fact" showing a protective order is warranted.[1] As such, were the Court to grant the motion, it would be unable to articulate reasons for doing so beyond mere conjecture.

Additionally, it does not appear the exchange of discovery has been hampered by the lack of a protective order. Indeed, under the initial case

---

[1] A HIPAA qualified protective order already has been entered in this case, governing the disclosure and exchange of documents containing protected health information. See Orders (Docs. 80, 81).

management and scheduling order (Doc. 48), discovery was set to close last month, and the Centurion Defendants acknowledge in their motion that the parties have already exchanged documents during discovery, some of which "have contained confidential information of some type."[2] See Motion at 2. Rule 26 permits a district court to direct that confidential information "not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Given the procedural posture of the case and that the parties have exchanged confidential information already, it is unclear why the parties require entry of a protective order at this time.

Accordingly, the motion for entry of a protective order (Doc. 114) is **denied without prejudice** subject to the parties' right to renew the motion. Any renewed motion for entry of a protective order must include the requisite factual and legal support to meet the movant's burden under Rule 26(c)(1).

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of April, 2021.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

---

[2] The deadlines have been extended, and discovery is now set to close in September. See Amended Case Management and Scheduling Order (Doc. 121).

Jax-6
c:    Counsel of Record