UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division
Case No.: 3:20-cv-00036-BJD-JRK

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators of the
Estate of Curtis Dettman,

    Plaintiffs,

v.

CASE NO.: 3:20-cv-00036-BJD-JRK

CENTURION OF FLORIDA, LLC; RAKESH
SHARMA; MARINETTE GONZALEZ;
DAVID RODRIGUEZ; GERARDO
PEDROZA; ALEX RENELUS; KAYLA
MCCARTER; SHARON COOPER;
TANESHA ADKINS; ELIZABETH
MORTON; CLARISSA MOODYL TABATHA
MAHONEY; PRISCILLA ROBERTS;
TAMARA TAYLOR; ROBERT E. SMITH,
JR.; JULIE JONES; ERICH HUMMEL;
THOMAS REIMERS; TIMOTHY WHALEN;
DAVID ALLEN; and MAURICE RADFORD;

    Defendants.
_____/

**DEFENDANT, TABATHA MAHONEY'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant, TABATHA MAHONEY, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 8(b) and (c), and hereby files her Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint and states:

**INTRODUCTION**

CASE NO.:  3:20-cv-00036-BJD-JRK

1. Denied.

2. Denied.

3. Denied.

## JURISIDICTION AND VENUE

4. Admitted for jurisdictional purposes only. All other averments contained within this paragraph are denied.

5. Admitted for jurisdictional purposes only. All other averments contained within this paragraph are denied.

## PARTIES

6. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 6, and therefore denies.

7. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 7, and therefore denies.

8. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 8, and therefore denies.

9. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 9, and therefore denies.

10. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 10, and therefore denies.

11. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 11, and therefore denies.

12. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 12, and therefore denies.

13. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 13, and therefore denies.

14. Denied.

15. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 15, and therefore denies.

16. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 16, and therefore denies.

17. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 17, and therefore denies.

18. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 18, and therefore denies.

19. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 19, and therefore denies.

## ALLEGATIONS

20. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 20, and therefore denies.

21. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 21, and therefore denies.

22. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 22, and therefore denies.

23. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 23, and therefore denies.

24. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 24, and therefore denies.

25. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 25, and therefore denies.

26. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 26, and therefore denies.

27. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 27, and therefore denies.

28. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 28, and therefore denies.

29. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 29, and therefore denies.

30. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 30, and therefore denies.

31. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 31, and therefore denies.

32. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 32, and therefore denies.

33. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 33, and therefore denies.

34. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 34, and therefore denies.

35. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 35, and therefore denies.

36. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 36, and therefore denies.

37. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 37, and therefore denies.

38. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 38, and therefore denies.

39. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 39, and therefore denies.

40. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 40, and therefore denies.

41. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 41, and therefore denies.

42. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 42, and therefore denies.

43. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 43, and therefore denies.

44. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 44, and therefore denies.

45. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 45, and therefore denies.

46. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 46, and therefore denies.

47. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 47, and therefore denies.

48. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 48, and therefore denies.

49. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 49, and therefore denies.

50. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 50, and therefore denies.

51. Denied.

52. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 52, and therefore denies.

53. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 53, and therefore denies.

54. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 54, and therefore denies.

55. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 55, and therefore denies.

56. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 56, and therefore denies.

57.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 57, and therefore denies.

58.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 58, and therefore denies.

59.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 59, and therefore denies.

60.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 60, and therefore denies.

61.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 61, and therefore denies.

62.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 62, and therefore denies.

63.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 63, and therefore denies.

64.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 64, and therefore denies.

**COUNT 1**
**42 U.S.C. § 1983 – EIGHTH AMENDMENT**
**CENTURION OF FLORIDA, LLC**

65.     Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 65 through 72 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent

a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraphs 65 through 72, and therefore denies.

### COUNT 2
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### RAKESH SHARMA

73. Defendant restates and incorporates the responses to paragraph 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 73 through 75 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraphs 73 through 75, and therefore denies.

### COUNT 3
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### MARINETTE GONZALEZ

76. Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 76 through 78 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 76 through 78, and therefore denies.

### COUNT 4
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### DAVID RODRIGUEZ

79. Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 79 through 81 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent

a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 79 through 81, and therefore denies.

### COUNT 5
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### GERARDO PEDROZA

82. Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 82 through 84 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 82 through 84, and therefore denies.

### COUNT 6
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### NURSE ALEX RENELUS

85. Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 85 through 88 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 85 through 88, and therefore denies.

### COUNT 7
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### KAYLA MCCARTER

89. Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 89 through 92 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent

a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 89 through 92, and therefore denies.

### COUNT 8
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### SHARON COOPER

93.	Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 93 through 96 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 93 through 96, and therefore denies.

### COUNT 9
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### TANESHA ADKINS

97.	Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 97 through 99 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 97 through 99, and therefore denies.

### COUNT 10
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### ELIZABETH MORTON

100.	Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 100 through 102

pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 100 through 102, and therefore denies.

### COUNT 11
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### CLARISSA MOODY

103. Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 103 through 105 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 103 through 105, and therefore denies.

### COUNT 12
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### TABATHA MAHONEY

106. Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein.

107. Denied.

108. Denied.

### COUNT 13
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### PRISCILLA ROBERTS

109. Defendant restates and incorporates the responses to paragraphs 1 through 64 and 106 through 108 above, as fully stated herein. The allegations contained in paragraphs 109 through 111 pertain to a party other than the Defendant. Thus, Defendant is not required to

respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 109 through 111, and therefore denies.

### COUNT 14
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### TAMARA TAYLOR

112.    Defendant restates and incorporates the responses to paragraphs 1 through 64 and 106 through 108 above, as fully stated herein. The allegations contained in paragraphs 112 through 114 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 112 through 114, and therefore denies.

### COUNT 15
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### ROBERT E. SMITH, JR.

115.    Defendant restates and incorporates the responses to paragraphs 1 through 64 and 106 through 108 above, as fully stated herein. The allegations contained in paragraphs 115 through 117 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 115 through 117, and therefore denies.

### COUNT 16
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### JULIE JONES

118.    Defendant restates and incorporates the responses to paragraphs 1 through 64 and 106 through 108 above, as fully stated herein. The allegations contained in paragraphs 118

through 120 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 118 through 120, and therefore denies.

### COUNT 17
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### ERICH HUMMEL

121.  Defendant restates and incorporates the responses to paragraphs 1 through 64 and 106 through 108 above, as fully stated herein. The allegations contained in paragraphs 121 through 123 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 121 through 123, and therefore denies.

### COUNT 18
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### THOMAS REIMERS

124.  Defendant restates and incorporates the responses to paragraphs 1 through 64 and 106 through 108 above, as fully stated herein. The allegations contained in paragraphs 124 through 126 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 124 through 126, and therefore denies.

### COUNT 19
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### TIMOTHY WHALEN

127. Defendant restates and incorporates the responses to paragraphs 1 through 64 and 106 through 108 above, as fully stated herein. The allegations contained in paragraphs 127 through 129 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 127 through 129, and therefore denies.

### COUNT 20
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### DAVID ALLEN

130. Defendant restates and incorporates the responses to paragraphs 1 through 64 and 106 through 108 above, as fully stated herein. The allegations contained in paragraphs 130 through 132 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 130 through 132, and therefore denies.

### COUNT 21
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### MAURICE RADFORD

133. Defendant restates and incorporates the responses to paragraphs 1 through 64 and 106 through 108 above, as fully stated herein. The allegations contained in paragraphs 133 through 135 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 133 through 135, and therefore denies.

### COUNT 22
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

CASE NO.: 3:20-cv-00036-BJD-JRK

**DEFENDANTS RAKESH SHARMA; PRISCILLA ROBERTS; MARINETTE GONZALEZ; DAVID RODRIGUEZ; GERARDO PEDROZA; KAYLA MCCARTER; ALEX RENELUS; SHARON COOPER; TANESHA ADKINS; ELIZABETH MORTON; CLARISSA MOODY; TABATHA MAHONEY**

136.  Defendant restates and incorporates the responses to paragraphs 1 through 64 and 106 through 108 above, as fully stated herein.

137.  Denied.

138.  Denied.

139.  Denied.

140.  Denied.

141.  Denied.

**COUNT 23**
**RESPONDEAT SUPERIOR**
**CENTURION OF FLORIDA, LLC**

142.  Defendant restates and incorporates the responses to paragraphs 1 through 64, 106 through 108, and 136 through 141 above, as fully stated herein. The allegations contained in paragraphs 142 through 145 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 142 through 145, and therefore denies.

**COUNT 24**
**F.S.A. § 768.19 – WRONGFUL DEATH**
**CENTURION OF FLORIDA, LLC**

146.    Defendant restates and incorporates the responses to paragraphs 1 through 64, 106 through 108, and 136 through 141 above, as fully stated herein. The allegations contained in paragraphs 146 through 150 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 146 through 150, and therefore denies.

WHEREFORE, having fully answered the Complaint, the Defendant, TABATHA MAHONEY, denies that the Plaintiff is entitled to the relief sought, or any relief whatsoever, including compensatory damages, punitive damages, and attorney's fees and costs, and further demands trial by jury of all issues so triable as of right.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the alleged violation was not willful.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts and preserves the defense of Plaintiff's failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state facts against Defendant that would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

### FOURTH AFFIRMATIVE DEFENSE

CASE NO.: 3:20-cv-00036-BJD-JRK

Defendant states that the sole proximate cause of Plaintiff's alleged damages were due to the negligence and/or wrongful acts or misconduct of some other third party.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off from any named co-defendant having settled the claim brought against them in this lawsuit and for any amounts recovered or recoverable by the Plaintiff from any other parties or third parties.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts entitlement to a reasonable award of attorneys' fees and costs incurred in defending this frivolous action, where the allegations are neither grounded in fact after a reasonable inquiry, nor warranted by law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish that Defendant acted with deliberate indifference to Decedent's serious medical need.

### EIGHTH AFFIRMATIVE DEFENSE

There is insufficient evidence to support a claim pursuant to 42 U.S.C. Sec. 1983 nor a claim for punitive damages and/or attorney's fees. The allegations in the light most favorable to the Plaintiff do not establish conduct that is punitive.

### NINTH AFFIRMATIVE DEFENSE

If a duty did exist between Defendant and Decedent, the duty was not breached by Defendant nor is there sufficient evidence to prove medical or legal causal connection between the course and scope of Defendant's duties and Decedent's death.

### TENTH AFFIRMATIVE DEFENSE

Defendant is immune under the federal doctrine of qualified immunity.

CASE NO.:  3:20-cv-00036-BJD-JRK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of May, 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Tabitha Mahoney*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9230
Facsimile (561) 683-8977
Primary e-mail: claire.hurley@csklegal.com
Secondary e-mail: samuel.levine@csklegal.com
Alternate e-mail:  shalonda.cox@csklegal.com

By:  s/ Claire R. Hurley
CLAIRE R. HURLEY
Florida Bar No.:  78977
SAMUEL J. LEVINE
Florida Bar No.:  1025534

3467.0589-00

CASE NO.:  3:20-cv-00036-BJD-JRK

## SERVICE LIST

Jesse B. Wilkison, Esq.
SHEPPARD, WHITE, KACHERGUS & DEMAGGIO, P.A.
215 N. Washington Street
Jacksonville, FL 32202
sheplaw@sheppardwhite.com
***Counsel for Plaintiff***

Arthur R. Loevy, Esq.
Sarah C. Grady, Esq.
Stephen H. Weil, Esq.
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
sarah@loevy.com
arthur@loevy.com
weil@loevy.com
***Co-Counsel for Plaintiff***

Barry A. Postman, Esq.
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33401
barry.postman@csklegal.com
***Counsel for Sharon Cooper***

Michael L. Glass, Esq.
Christine N. Gargano, Esq.
STONE, GLASS & CONNOLLY, LLP
3020 Hartley Road, Suite 250
Jacksonville, FL 32257
mglass@sgc-attorneys.com
pleadings@sgc-attorneys.com
thumphrey@sgc-attorneys.com
***Counsel for Julies Jones, Erich Hummel, Thomas Reimers, Timothy Whalen, David Allen***

Niels P. Murphy, Esq,
Jordan M. Janoski, Esq.
MURPHY & ANDERSON, P.A.
1501 San Marco Boulevard
Jacksonville, FL 32207
nmurphy@murphyandersonlaw.com
scassidy@murphyandersonlaw.com

CASE NO.:  3:20-cv-00036-BJD-JRK

jjanoski@murphyandersonlaw.com
gherman@murphyandersonlaw.com
***Counsel for Lois Brown, Lorie Swanson and Barbara Purvis***


Eliot B. Peace, Esq
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue N.
Birmingham, AL 35203
Tel: (205) 521-8800
bwahl@bradley.com
***Counsel for Defendants Centurion of Florida, LLC, Rakesh Sharma, Marinette Gonzalez Morales, David Rodriguez, Gerardo Pedroza, John Quintino, Cayman Smith, Luz Cruz, Kimberly Nielson, Linda Roberts, Alex Renelus, Kayla McCarter, Tanesha Adkins, Shenka Jackson, Nikki Richardson, April Mason, Elizabeth Morton, Clarissa Moody, Tabitha Mahoney, Michael Roth, Ashley Harvey n/k/a Ashley Hawkins, Priscilla Roberts, Tamara Taylor***