# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SARAH MCCRIMMON *et al.*,

    Plaintiffs,

v.

CENTURION OF FLORIDA, LLC, *et al.*,

    Defendants.

Case No. 20-cv-0036-BJD-JRK

## **PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the issuance of a protective order and ORDERS as follows:

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure, from disclosure to competitors, and from use for any purpose other than prosecuting this litigation is warranted.

2.   DEFINITIONS

2.1 Party: any party to this action, including any officer, director, employee, representative, agent, consultant, retained expert, outside counsel (and their support staff), or other person or entity acting or purporting to act on behalf or at the direction of any party.

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 Confidential Information or Items: any information or material produced or disclosed in the litigation that constitutes confidential commercial information of the Designating Party (or of a third-party where the Designating Party is under a duty to maintain the information in confidence) including, without limitation, personnel information, trade secrets, proprietary or confidential research, development, financial, commercial, strategic and/or marketing plans, or information which the Designating Party is under a legal duty to maintain in confidence.

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a ProducingParty.

2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as

2

**CONFIDENTIAL – DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN CASE NO. 3:20-cv-00036 (M.D. Fla.)**

or

**CONFIDENTIAL**

2.8 Outside Counsel: attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this action.

2.9 House Counsel: attorneys who are employees of a Party.

2.10 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. Third-parties may designate Discovery Material pursuant to the terms of this Order and are entitled to the full protections of this Order. Designations of materials or information as Confidential shall not thereby restrict the use of that material or information by the Party or third-party producing it during the Litigation except as stated herein.

4. DURATION

The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this lawsuit. This Order may be modified by further Order of the Court upon application to the Court with notice and opportunity to be heard to the Parties hereto, or as otherwise directed by the Court.

5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced. Counsel for

any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as Confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Notwithstanding the foregoing, documents or information that is available to the public, including through the Florida Sunshine Law, Fla. Stat. § 119.01 *et. seq.*, may not be designated as Confidential.

Designation in conformity with this Order requires:

(a) for information in documentary form (except transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" on each page that contains protected material. If electronically stored documents are produced in native format, Producing Party may, alternatively, include "Confidential" in the file name. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the

Producing Party must affix the appropriate legend ("Confidential") at the top of each page that contains Protected Material.

(b) for testimony given in deposition, that the Party or non-party offering or sponsoring the testimony identify on the record, within 20 days after the transcript is received after the close of the deposition all protected testimony, and further specify any portions of the testimony that qualify as "Confidential." Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."

5.2 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items as "Confidential" does not waive the Designating Party's right thereafter to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially

produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Receiving Party shall promptly destroy any copies that do not include the proper designation and shall request all persons to whom the Receiving Party has provided copies to do likewise. The Receiving Party will inform the Designating Party when destruction of the copies has been completed.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

Counsel should confer in good faith before bringing any discovery dispute as required by the Case Management Order governing this matter, including any challenge to a confidentiality designation, to the Court. If the Parties are unable to resolve their dispute, an objecting Party may challenge a confidentiality designation by filing and serving a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The Producing Party may respond to the motion as permitted by the Local Rules or other Order by the Court. The objection Party may file a reply in support of its motion as permitted by the Local Rules or other Order by the Court.

Until the Court rules on the challenge, all Parties shall continue to afford the material in question the protection afforded by this Order.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. The use of or disclosure of Protected Material obtained or received in the Litigation in any other proceeding or forum shall constitute a violation of this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "Confidential" Information or Items. Any information designated CONFIDENTIAL shall be disclosed to counsel of record for the Receiving Party. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information designated CONFIDENTIAL must be maintained by the Receiving Party's counsel and may be disclosed only to:

(a) parties to this Litigation, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably

necessary for this Litigation, provided such individual is informed that the material is Protected Material and has agreed to protect the confidentiality of the material;

(b) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit 1);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit 1);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit 1). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(f) the author of the document or the original source of the information.

7.3 Nothing herein shall restrict the manner in which the Producing Party may use or disclose its own Protected Material.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" the Receiving Party must so notify the Producing Party, in writing (by fax or e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit 1.

10.    FILING PROTECTED MATERIAL

Documents, briefs, transcripts, memoranda, exhibits, or any other filing containing Protected Material shall not be filed with the Court unless the Protected Material is redacted. If redaction is not available, the Party seeking to use the Protected Material must move for permission to file documents under seal as set forth in Local Rule for the Middle District of Florida 1.11.

11.    USE OF PROTECTED MATERIAL AT TRIAL OR IN DEPOSITION

Nothing herein shall prevent any of the parties from using "Confidential" materials in connection with any trial, hearing, deposition of a party or third party witness, or any other proceeding in this matter or from seeking further protection with respect to the use of any such "Confidential" materials in connection with such trial, hearing, deposition of a party or third party witness or other proceeding in this matter.

12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty-three (63) days after the final termination of this action, each Receiving Party must destroy or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-three (63) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13. **INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION**

13.1 Nothing in this Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a Party has inadvertently or mistakenly produced a document subject to a claim of immunity or privilege, upon request by the Producing Party within seven (7) business days of discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel. To the extent during the interim that any privileged information has been disclosed to persons not entitled to view it, and the Producing Party has made request for its return within the time permitted by this Order, the Receiving Party shall use its best efforts to retrieve the privileged information from such person(s). The Party returning such material may then move the Court for an order compelling production

of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

14. MISCELLANEOUS

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections. By complying with this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Right to Request or Agree Upon Additional Protection. Nothing in this order abridges the right of any person to seek additional protection of documents from the court or to agree upon additional protection of documents with any other person. The parties may seek or request additional protection of documents from the court or the parties upon a showing of good cause provided the efforts to seek or request additional protection are made in good faith and without the intent to harass or annoy a party or to delay discovery.

14.4 If a third-party provides discovery in connection with the Action, and if the third-party so elects, then the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such

circumstances, the third-party shall have the same rights and obligations under this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of May 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge