**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| SARAH MCCRIMMON and CARON DETTMANN, as Co-Administrators of the Estate of Curtis Dettmann, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-0036-BJD-JRK |
| | ) | |
| CENTURION OF FLORIDA, LLC., et al., | ) | Hon. Brian J. Davis, J. |
| | ) | |
| Defendants. | ) | Hon. James R. Klindt, M.J |

**PLAINTIFFS' MOTION TO STRIKE AND/OR
MOTION TO COMPEL**

Pursuant to Federal Rule of Civil Procedure 12(f) and/or Rule 37, Plaintiffs, by their undersigned counsel, move the Court to order the Centurion Defendants to provide Plaintiffs with the factual basis for the multiple affirmative defenses that they have asserted in response to Plaintiffs' Second Amended Complaint, *see* ECF 127.

In their answer, the Centurion Defendants have asserted numerous affirmative defenses—including every single affirmative defense enumerated in Rule 8(c)(1), among them defenses with no conceivable relationship to this case, such as duress and accord and satisfaction, *see* ECF 127 at 15—yet they do not plead a single fact relating to these defenses, providing no notice to Plaintiffs of what factual contentions any of the defenses are based upon. Plaintiffs served discovery asking the Centurion Defendants to describe the basis for these defenses, but the Centurion Defendants flatly refused to respond. Plaintiffs also asked the Centurion Defendants to amend their answer to set out the factual basis for these defenses, but the Centurion Defendants refused to do that, as well. By this motion Plaintiffs seek relief, through Rule 12(f) and/or Rule 37, so that they can understand what facts form the basis of the affirmative defenses

that the Centurion Defendants have asserted.  Plaintiffs need this information in order to conduct the necessary discovery into those defenses.  Right now, they have none.

## BACKGROUND

Plaintiffs are administrators of the Estate of Curtis Dettmann.  Mr. Dettmann died while under the care Defendant Centurion of Florida LLC and a number of its employees, who collectively make up the Centurion Defendants in this litigation.  In January 2020 Plaintiffs brought this action against the Centurion Defendants and a handful of other medical providers. *See* ECF 1.  With Mr. Dettmann dead, the Centurion Defendants comprise nearly all the living witnesses to what happened to Mr. Dettmann, at whose hands, and what Mr. Dettmann himself did or did not do, in the critical days leading up to his death.

In answering Plaintiffs' complaint, the Centurion Defendants have asserted multiple affirmative defenses.  *See* ECF 102 at 12-14; ECF 127 at 14-16.  Among these, the Centurion Defendants assert that "[t]he damages suffered by Decedent, if any, were the result of his own acts and/or his failure to mitigate his damages," (sixth defense), and that "[a]ny purported injury to Decedent was . . . caused by other factors, including, but not limited to, other actors." (eighth defense).  The Centurion Defendants also asserted "all affirmative defenses listed under" Rule (8)(c)(1), including "accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver."  (fifth defense).  In full, the affirmative defenses asserted by the Centurion Defendants are as follows:

- **Fifth Affirmative Defense**: "Centurion Defendants, to the extent applicable, assert all affirmative defenses listed in Rule (8)(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of

consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver."

- **Sixth Affirmative Defense**:  "The damages allegedly suffered by Decedent, if any, were the result of his own acts and/or his failure to mitigate his damages."

- **Eighth Affirmative Defense**:  "Any purported injury to Decedent was not caused by Centurion Defendants and, instead, was caused by other factors including, but not limited to, other actors."

- **Ninth Affirmative Defense**:  "Centurion Defendants are immune under the federal doctrine of qualified immunity."

- **Tenth Affirmative Defense**:  "Centurion Defendants are immune under Florida State law, including, but not limited to, Florida's sovereign immunity statute, which immunizes the Centurion Defendants and places a cap on Plaintiffs' damages."

- **Eleventh Affirmative Defense**:  "Centurion Defendants assert that some or all of Plaintiffs' claims are barred by the applicable statute of limitations."

*See* ECF 102 at 12-14; ECF 127 at 14-16.[1]  No facts are pleaded anywhere in ECF 102 or ECF 127 to explain the factual basis for any of these affirmative defenses.

Plaintiffs served an interrogatory asking the Centurion Defendants to describe the factual basis for their affirmative defenses, but the Centurion Defendants flatly refused.  *See* Ex. 1 ¶ 6.[2] Thereafter Plaintiffs filed a Second Amended Complaint, to which the Centurion Defendants responded, asserting the same affirmative defenses, again without any factual allegations setting forth the basis of the defenses.  *See* ECF 127 at 14-16.  Plaintiffs asked the Centurion Defendants

---

[1]       While the Centurion Defendants have asserted eleven "counts" of affirmative defense, this motion is addressed to the "true affirmative defenses," *Wm. Stone Premier Properties, LLC v. Oni Babatunde E.*, No. 6:16-cv-2157, 2017 WL 2266919, at *1 (M.D. Fla. May 8, 2017), meaning a defense that "'admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters.'" *Id.* (quoting *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)). This does not include, for example, the asserted defense that Plaintiffs' Complaint fails to state a claim pursuant to Rule 12(b)(6). ECF 127 at 14.

[2]       Plaintiffs represent that before bringing this motion they attempted to resolve this discovery dispute with the Centurion Defendants, both through written correspondence and telephone conference.  These attempts were unsuccessful.

to amend their answer to include the factual basis of the affirmative defenses, but the Centurion

Defendants refused to do that as well.  *See* Ex. 2.  This motion follows.

### DISCUSSION

"[A]n affirmative defense is one that admits to the complaint, but avoids liability, wholly

or partly, by new allegations of excuse, justification, or other negating matters." *VP Props. &*

*Devs., LLP v. Seneca Specialty Ins. Co.*, 645 F. App'x 912, 916 (11th Cir. 2016) (quotation

omitted).  A defendant "establishe[s]" an affirmative defense by "admit[ting] the essential facts

of a complaint and set[ting] up other facts in justification or avoidance." *Tsavaris v. Pfizer, Inc.*,

310 F.R.D. 678, 682 (S.D. Fla. 2015) (quotation omitted).  Affirmative defenses are governed by

Federal Rule of Civil Procedure 8(c), which provides that "a party must affirmatively state any

avoidance or affirmative defense."  Fed. R. Civ. P. 8(c).  "Although absolute specificity in

pleading is not required, fair notice of the affirmative defense is." *Automated Med. Labs v.*

*Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980).[3]

There is a dispute among district courts in the Eleventh Circuit regarding what sort of

notice Rule 8 requires for affirmative defenses.  Some district courts have held that affirmative

defenses are subject to the same plausibility standards as are complaints under the Supreme

Court's *Towmbly* and *Iqbal* decisions.  *See, e.g.*, *Andean Life, LLC v. Barry Callebaut U.S.A.*

*LLC*, No. 20-cv-20765, 2020 WL 1703552, at *4 (S.D. Fla. Apr. 8, 2020) (surveying national

caselaw and noting that while no "Circuit Court of Appeals has ruled on this issue, the vast

majority of [district] courts [nationally] presented with the issue have extended *Twombly*'s

heightened pleading standard to affirmative defenses" (quotation omitted)).  Other district courts

---

[3]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981.

have declined to apply the *Twombly* to affirmative defenses, adopting a different standard. *See, e.g.*, *Tsavaris*, 310 F.R.D. at 681 (collecting Eleventh Circuit district court cases and declining to apply *Twombly* as the standard). The Centurion Defendants relied upon this second group of decisions in refusing to amend their answer to provide a factual basis for their affirmative defenses. *See* Ex. 2 (refusing amend answer on grounds that numerous district courts in the Eleventh Circuit did not apply *Twombly* to affirmative defenses).

Plaintiffs do not ask the Court to weigh in on this "split," because it is irrelevant to the relief they seek in this motion. Under either approach, more is required of the Centurion Defendants. ***First***, even those decisions declining to apply *Twombly* to affirmative defenses have required more information than the Centurion Defendants have provided. *Tsavaris* for example, declined to apply *Twombly* to Rule 8(c), holding that "a lower pleading standard applies to affirmative defenses" instead. 310 F.R.D. at 683. The court held, however, that "[a]lthough Rule 8 does not obligate a defendant to set forth detailed factual allegations [required by *Twombly*], a defendant must give the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests." *Id.* at 682. Under this "fair notice" standard, "[a] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Id.* (quotation omitted). Applying those principles, *Tsavaris* struck a number of the affirmative defenses at hand, explaining that those defenses were "bare-bone conclusions of law without any supporting facts, failing to give [plaintiff] 'fair notice' of the defenses [defendant] intends to raise and develop in this case." *Id.* Every one of the affirmative defenses asserted by the Centurion Defendants in this case suffers from that defect—not a single defense sets forth a

single fact that could give Plaintiffs "fair notice" of their basis in order to permit Plaintiff to explore or test them in discovery.

*Second*, the justifications for refusing to require detailed facts in support of affirmative defenses are absent in this case. In declining to apply *Twombly*, for example, some courts have asserted that "[w]hereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints, defendants, who typically only have twenty-one days to respond to the complaint, do not have such a luxury." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337, 2011 WL 2938467, at \*4 (M.D. Fla. July 21, 2011). That concern simply does not exist here. Plaintiffs filed their original complaint in January 2020, and since then their allegations have changed only in a handful of details. The Centurion Defendants have had ample time to investigate their affirmative defenses and determine whether they have factual support, meaning they should be able to explain the basis for their affirmative defenses with little trouble.

Additionally, this is not a case in which the parties have equal access to the relevant information regarding the factual basis for the Centurion Defendants' claimed affirmative defenses. Mr. Dettmann is dead. Nearly all the witnesses to the critical events leading up his death are the Centurion Defendants themselves, or other defendants. Thus when the Centurion Defendants assert that Mr. Dettmann's death was caused by "his own acts," "his failure to mitigate his damages," and "other factors," or that his injuries were caused by "other actors," *see* ECF 127 at 15 (sixth and eighth defenses), they are not providing "fair notice" of the factual basis for these defenses in any meaningful sense of the word. To the contrary, Plaintiffs are left to guess at what facts might form the basis of such defenses. Notably, such "notice" contrasts sharply with the affirmative defenses upheld in cases relied on by the Centurion Defendants in their refusal to amend. *See, e.g.*, *Adams*, 2011 WL 2938467, at \*5 (holding that affirmative

6

defense stating "'Plaintiff has failed to mitigate his damages by, among other things, failing to take reasonable steps to secure and retain other employment following his separation from employment with Chase'" provided plaintiff with "sufficient notice" of the defense (cited in Ex. 2)).  Whereas the living plaintiff in *Adams* has sufficient notice of the affirmative defense that he had failed to seek other employment in order to prepare a response to it, in this case Plaintiffs are left with conjecture about what the Centurion Defendants might mean.

**Third**, those courts declining to apply *Twombly* to affirmative defenses have emphasized instead that the plaintiff should be entitled instead to take discovery ***directed at the factual basis*** of the affirmative defenses.  *See Adams*, 2011 WL 2938467, at *6 ("While Defendant has provided no factual support for this defense at this time, the undersigned finds it is an appropriate defense which puts Plaintiff on notice [of the defense] . . . . ***Plaintiff is free to propound discovery regarding this defense and Defendant will be under a duty to supplement should any such evidence be discovered.***"); *Jones v. Kohl's Dep't Stores, Inc.*, No. 15-cv-61626, 2015 WL 12781195, at *3 (S.D. Fla. Oct. 16, 2015) (denying motion to strike "Defendant's single sentence defense" of laches, unclean hands, and waiver because these are "sufficient—boilerplate but well-recognized [ ] valid defenses," and noting that "***[t]o the extent Plaintiff requires greater factual detail for these defenses, Plaintiffs may acquire those facts through discovery***"); *Moore v. Lender Processing Servs., Inc.*, No. 3:12-cv-205, 2012 WL 12906615, at *4 (M.D. Fla. Oct. 1, 2012) (refusing to strike affirmative defense of after-acquired evidence doctrine on the basis that it was conclusory, and noting that plaintiff ***"is certainly able to propound discovery regarding this defense"***).  Courts in other circuits have taken the same approach.  *See Jeeper's of Auburn, Inc. v. KWJB Enter., L.L.C.*, No. 10-cv-13682, 2011 WL 1899195, at *2 (E.D. Mich. Mar. 16, 2011) ("The questions plaintiff raises regarding ***the factual bases for defendants' affirmative***

7

***defenses can and should be addressed during the discovery process***, not through a motion to strike."); *Petroci v. Transworld Sys., Inc.*, No. 12-cv-00729, 2012 WL 5464597, at *3 (W.D.N.Y. Oct. 19, 2012) ("***[W]hether there is a factual bases for the affirmative defenses should be addressed during the discovery process*** and not through a motion to strike or a motion for judgment on the pleadings." (cleaned up; quotation omitted)); *Cane Creek Sod Contractors, L.L.C. v. Pub. Bldg. Auth. of City of Sevierville*, No. 3:10-CV-66, 2010 WL 11562023, at *3 (E.D. Tenn. Dec. 17, 2010) (same).  As a court in the Northern District of Illinois put it, "[b]efore filing a motion to strike a factually insufficient affirmative defense, the Court encourages plaintiffs to carefully consider whether they can more efficiently ***obtain the factual basis for a defense through discovery*** . . . ."  *Dace v. Chicago Pub. Sch.*, No. 19-cv-6819, 2020 WL 1861671, at *2 (N.D. Ill. Mar. 18, 2020).

Plaintiffs tried to pursue the course of action suggested by the court in *Dace*, propounding an interrogatory asking the Centurion Defendants to explain the factual bases of their affirmative defenses.  The Centurion Defendants refused to respond.  Ex. 1 ¶ 6.

The Centurion Defendants are engaged in gamesmanship.  Had they explained the factual bases for the numerous affirmative defenses they asserted, Plaintiffs could take the appropriate discovery directed at understanding those facts.  The Centurion Defendants identified no facts in support of the defenses, however, so Plaintiffs served an interrogatory asking them to explain provide the factual support through discovery instead.  The Centurion Defendants have refused to explain the factual basis for the affirmative defenses through that means as well.  Having foreclosed both those avenues, the Centurion Defendants appear to contend that they are free to hide any factual basis for their affirmative defenses until they spring them on Plaintiffs at trial, or at least until fact discovery is closed.  That, of course, is flatly prohibited by the Federal Rules

8

and Rule 8(c) in particular. *Cf. Woodfield v. Bowman*, 193 F.3d 354, 362 n.29 (5th Cir. 1999) (summarizing the "fair notice" standard in *Automated Medical Laboratories* as a rule that "[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." (quotation omitted)).  Ambush of that nature is anathema to the Federal Rules.  And the Court should not permit that outcome in this case.  Instead, this Court should require the Centurion Defendants to amend their answer to provide the factual bases for their affirmative defenses, and/or answer Plaintiff's interrogatory asking the Centurion Defendants to explain the factual bases of the defenses.

WHEREFORE, Plaintiffs respectfully request that the Court order the Centurion Defendants to (1) to amend their answer to provide factual bases for their affirmative defenses, and/or (2) answer Plaintiffs' interrogatory No. 6.

May 25, 2021                                        Respectfully submitted,

                                                   /s/ Stephen H. Weil
                                                   Stephen H. Weil

Sarah Grady                              Jesse Wilkison
Stephen H. Weil                          SHEPPARD, WHITE, KACHERGUS &
LOEVY & LOEVY                            DEMAGGIO, P.A.
311 North Aberdeen St., 3rd Floor        215 North Washington St.
Chicago, IL 60607                        Jacksonville, FL 32202
T: (312) 243-5900                        T: (904) 356-9661
weil@loevy.com

                                         *Counsel for Plaintiffs*

9

## <u>CERTIFICATE OF SERVICE</u>

I, Jesse Wilkison, an attorney, hereby certify that on May 25, 2021 I filed the foregoing

via the Court's CM/ECF system which effected service on all counsel of record.


<u>/s/ Jesse Wilkison</u>
Jesse Wilkison
One of Plaintiffs' Attorneys