# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators of
the Estate of Curtis Dettmann,

    Plaintiffs,

v.                                                  Case No.: 3:20-cv-00036-BJD-JRK

CENTURION OF FLORIDA, LLC, et al.

    Defendants.
_____/

**DEFENDANT CENTURION OF FLORIDA, LLC'S
ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT CENTURION OF FLORIDA, LLC**

Defendant, Centurion of Florida, LLC (Centurion), submits its answers to Plaintiffs' First Set of Interrogatories, and states as follows:

**Preliminary Statement and General Objections**

The answers are based on Defendant's present knowledge of the facts apparently relevant to this action. Defendant has not completed its investigation of the facts, discovery proceedings in this case, or preparation for trial. Defendant accordingly reserves the right to make appropriate changes in its answers or to supplement those answers should it appear at any time that an omission or error has been made or that additional or more accurate information should be included. Defendant further reserves its right to rely upon any and all information at trial, whether or not disclosed at this time in answer to these requests.

Discovery should be tailored according to the claims and defenses in this case, and Defendant objects to requests outside those parameters. To the extent that any or all requests call for information prepared or obtained in anticipation of litigation or for trial, or otherwise protected

from disclosure by the work- product doctrine, the attorney-client privilege, or any other privilege, Defendant objects to such requests on such grounds. Defendant is not obliged to and will not disclose information protected from discovery by virtue of said privileges or doctrines. The foregoing general objections are incorporated by reference into each response as though fully set forth, regardless of whether any or all of said objections are repeated in response to any specific request.

## ANSWERS TO INTERROGATORIES

1. Under oath, please identify by name, address, and telephone number all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) initial disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any facts known by each such Person relating to the claims and defenses in this action, including all facts about which the Person may be competent to testify at trial, and state whether you intend to call that Person as a witness at trial.

If this Interrogatory is answered by incorporating Documents which include any handwritten notations or names, please identify as to each Person contained in the referenced Document the name, address, and telephone number of the Person. In addition, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any facts known to any witness relating to the claims or defenses in this action that are not reflected in the Documents. If you fail to do so, Plaintiffs will assume that the witnesses and substance of their testimony are strictly limited to what is contained in the Documents you reference.

**ANSWER:** Defendant objects to this interrogatory to the extent it seeks information outside the custody and control of Defendant. Defendant directs Plaintiff to its Rule 26(a)(1) Initial Disclosures, dated June 12, 2020, as well as any person identified in Plaintiff's medical records. Defendant will produce responsive information within its custody and control pursuant to the Federal Rules of Civil Procedure, the Court's scheduling order, and/or the local rules of court. Defendant reserves the right to supplement this response as discovery and fact development proceed.

2. For any Document (including video) requested in Plaintiffs' discovery requests that has been lost, discarded or destroyed, please identify each such Document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all Persons involved; the reasons for disposing of the Document; the identity of any Person with knowledge of its content; and the identity of the last Person known to have seen it. In answering this

Interrogatory, please list all steps taken to discover documents that have been lost, discarded or destroyed, and the names of all Persons with knowledge of the steps taken.

**ANSWER:** Defendant is not aware of any documents that have been lost, discarded, or destroyed.

3. Please identify all Complaints (including any Complaints that are presently pending) that have been made against you since January 1, 2013, including but not limited to any and all lawsuits alleging that you or your office provided inadequate medical evaluation or care, inadequate access to medical evaluation or care, or violated the Constitution of the United States in discharging your or your office's responsibilities with respect to prisoners. For each such Complaint, state:

   a. The date each Complaint was filed;
   b. A detailed description of the nature of each Complaint;
   c. A case number or other identifying number of each Complaint; and
   d. How each Complaint was resolved, including any discipline imposed in connection with each Complaint.

**ANSWER:** Defendant objects to this interrogatory because it is not limited in scope to the claims at issue in this suit, any party's defense, or Plaintiff's alleged medical condition. Defendant additionally objects to this interrogatory as Plaintiff's definition of "Complaint" is overly broad and to compile all of the information Plaintiff seeks for every "Complaint" as defined by Plaintiff, particularly for seven years, would be unduly burdensome. Defendant further states that any lawsuit filed against Defendant would be a matter of public record, thus the information Plaintiff seeks is equally accessible to Plaintiff as it is Defendant.

4. State whether any employee or agent of Centurion or the FDC ever communicated with any Person (other than the attorney hired to represent you in this action) regarding Mr. Dettmann or any of the allegations or events described in the Plaintiffs' Complaint. For each such Communication, state:

   a. The date of the Communication;
   b. The identities of all parties involved in the Communication;
   c. The manner of the Communication; and
   d. A summary of the substance of the Communication.

If this Interrogatory is answered by incorporating Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents referenced.

**ANSWER:** Defendant objects to this interrogatory as Plaintiff's definition of "Communication" is overly broad and vague and this request is not limited to the time period relevant to Plaintiff's claims. Defendant objects to this interrogatory as it seeks information outside of Defendant's possession, custody or control. Specifically, Centurion would not have knowledge of or be in possession of communications of FDC unless those communications were

3

with Centurion. In addition, to collect and produce the information requested would be unduly burdensome. Subject to and without waiving this objection, Defendant states that any responsive communications related to claims or defenses at issue in this suit, would be contained in Plaintiff's medical records. Counsel for Defendant will meet and confer with Plaintiff's counsel to reach mutually agreeable terms and parameters to conduct a search of certain custodians' email for information that is relevant to the parties' claims or defenses and proportional to the needs of the case.

5.   Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses in this action. For each such responsive conviction, identify the Person who has been convicted and the nature of the conviction, and the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiffs intend to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:**   Defendant objects to this interrogatory as being vague, overly broad, unduly burdensome, and seeking information outside of its custody and control. Defendant further objects to this interrogatory as premature as the parties have not yet identified witnesses, thus the criminal history of potential witnesses is unknown. Criminal convictions are a matter of public record, thus this information is equally available to Plaintiff as it is Defendant. Defendant further objects to Plaintiff's improper attempt to circumvent the Federal Rules of Evidence, as Defendant is not required to preview its response to a potential motion *in limine* in response to a discovery request.

6.   For any Affirmative Defenses that you have asserted or will assert in this matter, please describe without resorting to legal conclusions the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. Please provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiffs may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:**   Defendant objects to this interrogatory as it seeks production of information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. This interrogatory also seeks information that will be subject to expert testimony. Until such time as expert witnesses are designated as testifying witnesses, the information associated with and opinions of those experts are privileged. Expert opinions will be disclosed in accordance with the Federal Rules of Civil Procedure, the Court's scheduling order, and/or the local rules of court. Defendant further objects to this interrogatory as premature. Defendant's investigation and discovery is ongoing. Defendant reserves the right to supplement this answer.

7. Please state whether any of the Defendants or any other Person involved in any way in the medical evaluation or treatment of Mr. Dettmann at any time between January 1, 2018 to January 24, 2018 acted inconsistently with any of those policies, customs, or practices (including formal or informal, and written or unwritten). If the answer is in the affirmative, please:

   a. Identify any particular policy, custom, or practice which was violated;
   b. Describe the circumstances and manner in which said policy, custom, or practice was violated; and
   c. State whether any discipline resulted from that violation.

   **ANSWER:** Defendant objects to this interrogatory as it is compound, vague, and overly broad. Defendant objects to this interrogatory to the extent it seeks information that will be subject to expert testimony. Defendant further objects to this interrogatory as premature. Subject to and without waiving these objections, Defendant states that its investigation and discovery is ongoing, but Defendant complied with the standard of care and no act or omission on the part of Defendant caused or contributed to Mr. Dettman's death. Defendant reserves the right to supplement this answer.

8. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

   **ANSWER:** Defendant objects to this interrogatory because it is not limited in scope to the claims at issue in this suit, any party's defense, or Plaintiff's alleged medical condition. Plaintiff has not properly pled a claim for punitive damages nor has the Plaintiff followed the proper procedure for punitive damages to be asserted as a Count. Moreover, there is a complete lack of any evidence to justify a claim of punitive damages against this defendant. Defendant further objects to this interrogatory as premature. Defendant's investigation and discovery is ongoing. Defendant reserves the right to supplement this answer.

9. Do you contend that Mr. Dettmann received adequate medical care at the RMC from January 1, 2018 to January 24, 2018? If so, please state the entire factual basis for that contention.

   **ANSWER:** Defendant objects to this interrogatory as it calls for expert testimony. Expert opinions will be disclosed in accordance with the Federal Rules of Civil Procedure, the Court's scheduling order and/or the local rules of court.

10. Do you contend that there was a policy, procedure, or practice in place at the RMC between January 1, 2013 and the present governing:

    a. Access to medical evaluation or treatment by prisoners;
    b. Provision of medical care to prisoners;

5

    c. Provision of medication to prisoners;
    d. Monitoring and care of prisoners after surgery;
    e. Diagnosis and treatment of post-surgical complications;
    f. Diagnosis and treatment of complications arising from the use of antibiotics;
    g. Diagnosis and treatment for Clostridioides difficile, also known as c diff.
    h. Medical services provided at the RMC;
    i. Transfer of prisoners to offsite medical facilities for medical evaluation or treatment, including payment by Defendants or the FDC for treatment at outside medical facilities;
    j. Communications among and between medical staff regarding a prisoner's health, including any Complaints;
    k. Requests by prisoners for medical attention, evaluation, or treatment;
    l. Documentation of encounters with, medical evaluations of, medical treatment to, and requests for medical treatment by prisoners;
    m. Healthcare staffing levels at the RMC;
    n. Differential diagnosis;
    o. Treatment protocols;
    p. Quality improvement program(s).

If you answer in the affirmative, please describe that policy with particularity. Please also identify every policymaker or policymakers who were responsible for or who had final policymaking authority over those policies and procedures between January 1, 2013 and the present. To be clear, this Interrogatory seeks the identity of any and all such policymakers with final or delegated policymaking authority.

    **ANSWER:** Defendant objects to this interrogatory as compound, overly broad, and unduly burdensome. This interrogatory seeks information outside the scope of any party's claims or defenses and beyond the relevant time period. Regarding policies and procedures in effect during the relevant time period and related to Plaintiff's medical condition or treatment, Defendant states that the FDOC, not Defendant, is responsible for promulgating policies and procedures at the RMC.

    11.    Please identify and describe every instance (if any) between January 1, 2013 and the present in which the policymaker(s) identified in Interrogatory No. 10, above, undertook to review, investigate, analyze, uncover, present, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any of the policies or procedures identified in Interrogatory No. 10, above. Please include what steps, if any, were taken in response to the information obtained through any such inquiry, investigation, review or analysis, as well as the date such steps were taken.

    **ANSWER:**    See response to Interrogatory No. 10.

    12.    Please describe with particularity the structure of your organization or corporation, including all divisions, subsidiaries, parent companies or organizations, sister companies or organizations, affiliates, shareholders (including the total number of shareholders, if any), board of directors, officers, and senior management. For each such board member, officer, and member

of senior management, please identify the Person by name and title. Please also describe the management reporting structure of your organization or corporation.

**ANSWER:** Defendant objects to this interrogatory as compound, overly broad, and unduly burdensome as this information is not kept in the ordinary course of business by Defendant. This interrogatory seeks information outside the scope of any party's claims or defenses and is unrelated to Plaintiff's medical condition or treatment. Subject to and without waiving these objections, Defendant states that the information for the relevant time period that is within the custody and control of Defendant is that Centurion of Florida, LLC was a wholly owned subsidiary of Centurion, LLC in January 2018. Defendant is registered with the Florida Secretary of State as a Florida Limited Liability Company.

13. Do you contend that another individual or entity other than yourself is responsible for ensuring that prisoners at the RMC receive adequate medical treatment? If so, state the entire factual basis for that contention.

**ANSWER:** Defendant objects to this interrogatory because it is vague and calls for a legal conclusion. Defendant further objects to this interrogatory as being overly broad and seeking information unrelated to any party's claims or defenses or Plaintiff's medical condition.

## **VERIFICATION**

I have read the foregoing Answers to Plaintiff's First Set of Interrogatories and do swear that they are true and correct to the best of my knowledge and belief.

_____

STATE OF FLORIDA

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2020, by, _____, who is personally known to me or _____ who has produced identification: _____ and who did take an oath.

_____
Notary Public
Commission No.
My Commission Expires:

Dated September 29, 2020.

Respectfully submitted,

*/s/ Eliot B. Peace*
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue N.
Birmingham, AL 35203
Tel: (205) 521-8800
bwahl@bradley.com

Eliot B. Peace (FBN 124805)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
epeace@bradley.com

*Counsel for Defendants Centurion of Florida, LLC, Rakesh Sharma, Marinette Gonzalez Morales, David Rodriguez, Gerardo Pedroza, John Quintino, Cayman Smith, Luz Cruz, Kimberly Nielson, Linda Roberts, Alex Renelus, Kayla McCarter, Tanesha Adkins, Shenka Jackson, Nikki Richardson, April Mason, Elizabeth Morton, Clarissa Moody, Tabitha Mahoney, Michael Roth, Ashley Harvey n/k/a Ashley Hawkins, Priscilla Roberts, Tamara Taylor*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2020, I served the foregoing via email to all counsel of record, as follows:

Jesse B. Wilkison, Esq.
SHEPPARD, WHITE, KACHERGUS & DEMAGGIO, P.A.
215 N. Washington Street
Jacksonville, FL 32202
sheplaw@sheppardwhite.com
***Counsel for Plaintiff***

Arthur R. Loevy, Esq.
Sarah C. Grady, Esq.
Stephen H. Weil, Esq.
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
sarah@loevy.com
arthur@loevy.com
weil@loevy.com
***Co-Counsel for Plaintiff***

Barry Postman
Chelsea Furman
COLE SCOTT & KISSANE, P.A.
222 Lakeview Ave., Suite 120
West Palm Beach, FL 33401
Barry.postman@csklegal.com
Shalonda.cox@csklegal.com
chelsea.furman@csklegal.com
***Counsel for Sharon Cooper***

Michael L. Glass, Esq.
Christine N. Gargano, Esq.
STONE, GLASS & CONNOLLY, LLP
3020 Hartley Road, Suite 250
Jacksonville, FL 32257
mglass@sgc-attorneys.com
pleadings@sgc-attorneys.com
thumphrey@sgc-attorneys.com
***Counsel for Julies Jones, Erich Hummel, Thomas Reimers, Timothy Whalen, David Allen***

Niels P. Murphy, Esq,
Jordan M. Janoski, Esq.
MURPHY & ANDERSON, P.A.
1501 San Marco Boulevard
Jacksonville, FL 32207
nmurphy@murphyandersonlaw.com
scassidy@murphyandersonlaw.com
jjanoski@murphyandersonlaw.com
gherman@murphyandersonlaw.com
***Counsel for Lois Brown, Lorie Swanson and Barbara Purvis***

*/s/ Eliot B. Peace*
***Counsel for Defendants Centurion of Florida, LLC, Rakesh Sharma, Marinette Gonzalez Morales, David Rodriguez, Gerardo Pedroza, John Quintino, Cayman Smith, Luz Cruz, Kimberly Nielson, Linda Roberts, Alex Renelus, Kayla McCarter, Tanesha Adkins, Shenka Jackson, Nikki Richardson, April Mason, Elizabeth Morton, Clarissa Moody, Tabitha Mahoney, Michael Roth, Ashley Harvey n/k/a Ashley Hawkins, Priscilla Roberts, Tamara Taylor***