IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators of
the Estate of Curtis Dettmann,

    Plaintiffs,

v.                                   Case No.: 3:20-cv-00036-BJD-JRK

CENTURION OF FLORIDA, LLC, et al.,

    Defendants.
_____/

## CENTURION'S MOTION TO CONFESS JUDGMENT
## AND PAY FUNDS INTO COURT REGISTRY

Pursuant to Federal Rule of Civil Procedure 67(a), and Local Rule 7.03, Defendant Centurion of Florida, LLC ("Centurion") files this motion to confess judgment on the Florida tort claims and deposit funds into the Court's registry.

## INTRODUCTION

Plaintiffs are suing Centurion and others regarding the death of Curtis Dettmann, who died while in the custody of the Florida Department of Corrections ("FDC"). Plaintiffs' claims include both federal claims brought under the Eighth Amendment and 42 U.S.C. § 1983, and Florida tort claims for intentional infliction of emotional distress (against the individual defendants) and wrongful death (against Centurion).

1

Centurion seeks to confess judgment on the wrongful death claim and deposit into the Court's Registry $300,000—the maximum damages award Plaintiffs' can recover for the claim pursuant to § 768.28(5)(a), Florida Statutes. By confessing judgment and paying the maximum allowable damages, Centurion maintains that the claims against the individual Centurion Defendants[1] would become moot, as only Centurion or its employees can be held liable under § 768.28(9)(a), Florida Statutes. *McGhee v. Volusia County*, 679 So. 2d 729, 733 (Fla. 1996). Centurion further requests that the Court hold the funds in its registry until such time as Plaintiffs or the Court dismisses with prejudice the state law claims against the individual Centurion Defendants, after which time the funds can be disbursed upon proper motion from Plaintiffs.

## MEMORANDUM OF LAW

If a money judgment is sought in an action, "a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). The Middle District of Florida Local Rules impose the following additional requirements:

(a) DEPOSIT. A motion for leave to deposit money in the court's registry:
(1) must state the amount of the deposit;

---

[1] The Individual Centurion Defendants are Rakesh Sharma, Marinette Gonzalez Morales, David Rodriguez, Gerardo Pedroza, Tanesha Adkins, Elizabeth Morton, Clarissa Moody, Priscilla Roberts, Tamara Taylor, Alex Renelus, and Kayla McCarter.

(2) must describe any dispute about ownership of, or entitlement to, the money;

(3) must specify whether the money is tendered for deposit in an interest-bearing account or a non-interest-bearing account and, if the former, identify the proposed depository; and

(4) must include a proposed order.

L.R. 7.03(a).

Centurion seeks leave to deposit $300,000 into the Court's Registry. Such funds are to resolve Plaintiffs' wrongful death claim against Centurion, for which Centurion confesses judgment without admitting liability on any other claims and without prejudice to its ability to defend against the Plaintiffs' Section 1983 claims for Eighth Amendment violations. Because the funds are in satisfaction of Plaintiffs' wrongful death claim against Centurion, there is no dispute that Plaintiffs are entitled to the funds. The funds should be deposited into an interest-bearing account.

By confessing judgment and paying the full amount due under the statutory caps, Centurion will moot Plaintiffs' claims against the individual Centurion Defendants.[2] Pursuant to § 768.28(9)(a), "In any given situation either the agency can be held liable under Florida law, or the employee, but not both." *McGhee v. Volusia Cty.*, 679 So. 2d 729, 733 (Fla. 1996). So if the claims arise out of the same

---

[2] The claim against Centurion should also be concluded upon confession of judgment and payment of the maximum amount of damages available under the caps. While Plaintiffs could seek an excess judgment through the claims bill process against a state agency, *see Gerard v. Dep't of Transp.*, 472 So. 2d 1170, 1172 (Fla. 1985), Centurion has found no authority for approving or obtaining an excess judgment against a private actor through that process.

3

facts and occurrence—which they do—then either Centurion can be liable or the individual Centurion Defendants, but not both. *Id.* And because Centurion is confessing judgment, the individual Centurion Defendants cannot be held liable on the same facts. This is so for two reasons.

First, Plaintiffs and this Court previously acknowledged this interpretation of Florida's sovereign immunity statute. ECF Nos. 72 and 95 at 25–26. In fact, Plaintiffs vigorously argued that Centurion is not entitled to sovereign immunity for the wrongful death count pursuant to § 768.28(9)(a) because Plaintiffs did not allege the individual Centurion Defendants acted with bad faith or malice for that count. ECF No. 72 at 31–32 (Plaintiffs arguing they are permitted to assert the IIED claims in the alternative to the wrongful death claim against Centurion). Based on this argument, the Court ruled as follows:

> Plaintiffs do not allege in [the wrongful death] count that the individual Centurion Defendants engaged in bad faith or with malice. Accordingly, Centurion can be held to account for their negligent conduct under Florida's sovereign immunity statute, as discussed previously in this Order. To the extent allegations of negligence are inconsistent with allegations of intentional conduct, inconsistent claims may proceed.

ECF No. 95 at 26–27.

Second, lest there be any doubt that the claims are pleaded in the alternative, Plaintiffs later argued that because "the Complaint []alleges plausible claims that these individuals acted in bad faith, malicious purpose, or in a manner exhibiting

4

wanton and willful disregard of human rights, safety, or property," these allegations were sufficient to permit a finding, if proven, that Centurion acted with bad faith in the wrongful death count (to the extent it was necessary to allege as much under § 768.28(9)(a)). ECF No. 108 at 15. Because Plaintiffs argued that the alleged bad faith acts of the individual Centurion Defendants in the IIED count were sufficient to establish liability against Centurion in the wrongful death count if Centurion could not be held personally liable, Plaintiffs are estopped from changing positions and arguing now that the two claims are not based on the same facts and occurrence.

So because only Centurion or the individual Centurion Defendants can be held liable under § 768.28(9)(a) for the facts and occurrence giving rise to the IIED and wrongful death claims, and because Centurion has confessed judgment on the wrongful death claim, the IIED claim against the individual Centurion Defendants should be dismissed.

To the extent there is any dispute, Plaintiffs damages are limited to $300,000 for all the state law claims—not for each claim. *Comer v. City of Palm Bay*, 147 F. Supp. 2d 1292, 1297–98 (M.D. Fla. 2001) (citing *School Board of Broward County v. Greene,* 739 So.2d 668 (Fla. Dist. Ct. App. 1999)). This subsection also provides that Plaintiffs cannot recover punitive damages or prejudgment interest. § 768.28(5) ("liability shall not include punitive damages or interest for the period before

5

judgment"). As such, the $300,000 confession of judgment adequately resolves all potential state claims against the Centurion Defendants.

WHEREFORE Centurion requests the Court (1) grant this Motion and accept Centurion's confession of judgment, (2) enter an order allowing Centurion to deposit $300,000 into the Court's registry, and (3) dismiss the state law claims against the individual Centurion Defendants with prejudice.

/s/ Brian A. Wahl
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place-1819 5th Avenue N.
Birmingham, AL 35203
Tel: (205) 521-8800
bwahl@bradley.com

R. Craig Mayfield (FBN 429643)
Jacob Hanson (FBN 91453)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
cmayfield@bradley.com
jhanson@bradley.com

Molly M. Walker (MSB 100689)
***Admitted Pro Hac Vice***
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mmwalker@bradley.com

*Counsel for Defendants Centurion of Florida, LLC; Rakesh Sharma; Marinette Gonzalez Morales; David Rodriguez; Gerardo Pedroza; Tanesha Adkins; Elizabeth Morton; Clarissa Moody; Priscilla Roberts; Tamara Taylor; Alex Renelus; and Kayla McCarter*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he conferred with counsel for Plaintiffs via e-mail on June 28 and 29, 2021, and was told that Plaintiffs' counsel opposes the motion. Plaintiff's counsel did not specify whether the motion is opposed in whole or in part.

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, as follows:

Jesse B. Wilkison, Esq.
Sheppard, White, Kachergus & DeMaggio, P.A.
215 N. Washington Street
Jacksonville, FL 32202
sheplaw@sheppardwhite.com
*Counsel for Plaintiff*

Arthur R. Loevy, Esq.
Sarah C. Grady, Esq.
Stephen H. Weil, Esq.
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
sarah@loevy.com
arthur@loevy.com

weil@loevy.com
*Co-Counsel for Plaintiff*

Michael L. Glass, Esq.
Christine N. Gargano, Esq.
Stone, Glass & Connolly, LLP
3020 Hartley Road, Suite 250
Jacksonville, FL 32257
mglass@sgc-attorneys.com
pleadings@sgc-attorneys.com
thumphrey@sgc-attorneys.com
*Counsel for Julies Jones, Erich Hummel, Thomas Reimers, Timothy Whalen and David Allen*

Jordan Janoski, Esq.
Murphy & Anderson P.A.
1501 San Marco Blvd.
Jacksonville, FL 32207
jjanoski@murphyandersonlaw.com
*Counsel for Lois Brown, Lorie Swanson and Barbara Purvis*

Barry A. Postman, Esq.
Chelsea Furman, Esq.
Claire R. Hurley, Esq.
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
barry.postman@csklegal.com

*Counsel for Defendant Sharon Cooper and Tabatha Mahoney*

/s/ Brian A. Wahl
*Counsel for Defendants Centurion of Florida, LLC; Rakesh Sharma; Marinette Gonzalez Morales; David Rodriguez; Gerardo Pedroza; Tanesha Adkins; Elizabeth Morton; Clarissa Moody; Priscilla Roberts; Tamara Taylor; Alex Renelus; and Kayla McCarter*