IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators of the Estate
of Curtis Dettmann,

        Plaintiffs,

        v.                      Case No. 3:20-cv-00036-BJD-JRK

CENTURION OF FLORIDA, LLC; et al.,

        Defendants.

_____

**PLAINTIFFS' RESPONSE TO CENTURION'S MOTION TO CONFESS JUDGMENT AND PAY FUNDS INTO THE COURT REGISTRY**

Plaintiffs, by and through undersigned counsel, file this response to Defendant Centurion of Florida, LLC's (Centurion) Motion to Confess Judgment and Pay Funds into the Court Registry. (Doc. 139).

In its motion Centurion is attempting to confess judgment to claims against *it* that it argues are capped at $300,000, and thereby extinguish *different* and separate claims, which have been made against its employees, and which are not capped at all. Florida law does not permit this maneuver, and the Court should reject it.

This case involves the death of Curtis Dettmann, who died of a common, curable infection under the care of multiple Centurion employees. Plaintiffs, the co-

1

administrators of Mr. Dettmann's estate, have sued those employees and Centurion alike.  Plaintiffs assert two categories of claims that are relevant to this motion:

- Count 22 alleges claims for intentional infliction for emotional distress against individual Centurion employees—this claim alleges that the employees engaged in tortious conduct and that they did so in "bad faith." (Doc. 123 at ¶¶136–141).

- Counts 23 and 24 allege a claim against Centurion itself, under a theory of *respondeat superior* and under Florida's Wrongful Death Act for the conduct of Centurion's employees—this claim alleges that the employees engaged in tortious conduct but does not further allege that they did so in "bad faith." (Doc. 123 at ¶¶ 142–150).

The assertion of these two alternative sets of claims reflects the framework that the Florida legislature has created for sovereign immunity. Florida's sovereign immunity framework protects two mutually exclusive categories of state defendants. The first protection is a damages cap: like private entities, state "agencies or subdivisions" are liable for tort claims under the doctrine of *respondeat superior*, except (as relevant here) their liability is capped at $300,000 per incident or occurrence. § 768.28(5)(a) ("Section 5(a)").

The second protection is a liability protection—but one which contains an exception for wanton or "bad faith" misconduct.  An "officer, employee, or agent"

of the state or its subdivisions cannot be held "personally liable" for actions in the scope of their employment—meaning that the exclusive remedy is against the person's employer under the *respondeat superior* doctrine. *See* Section 9(a). In turn, the employer being a state "agenc[y] or subdivision[]" and thus covered by Section (5)(a), such that damages for the "officer, employee, or agent's" misconduct are effectively capped at $300,000 pursuant to Section (5)(a). *However*: if an "officer, employee, or agent" covered by Section (9)(a) is shown to have "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property," *see* Section (9)(a), then Section (9)(a)'s liability protection for that person vanishes. They can be sued individually, and because the damages cap in Florida's sovereign immunity framework covers only "agencies or subdivisions," *see* Section (5)(a), a damages suit against an "officer, employee, or agent" who has engaged in "bad faith" misconduct under Section (9)(a) is not subject to any damages cap at all.

In a nutshell: if an "officer, employee, or agent" covered by Section 9(a) engages in misconduct that falls short of "bad faith," under Section 9(a) only their employer can be sued, and under Section 5(a) damages are capped at $300,000. On the other hand, if an "officer, employee, or agent" *does* engage in "bad faith" misconduct, Section 9(a) allows them to be sued directly, and Section 5(a) does not impose any cap on damages. The upshot reflects a policy judgment by the Florida

3

legislature: a tort arising from a government employee's conduct falling short of bad faith must be brought against the employer and is capped at $300,000; while a government employee who does engage in bad faith misconduct is personally liable, with no cap on damages.

In light of this binary—and mutually exclusive—liability structure, Plaintiffs have pleaded their claims arising from the Centurion employees' tortious conduct in the alternative.  Counts 23 and 24 plead tortious conduct under the lower standard, which is capped at $300,000 (under Section 9(a), these claims must be pleaded against Centurion, and not its employees), while Section 22 pleads tortious conduct under the higher "bad faith" standard, which is not capped (under Section 9(a), these claims must be pleaded against the Centurion employees themselves).

Centurion seeks to confess judgment to the wrongful death claims against it— i.e., Counts 23 and 24—and deposit funds equal the sovereign-immunity statutory damages cap for claims made against state agencies or subdivisions ($300,000). (Doc. 139 at 3) (*citing* § 768.28(9)(a) Fla. Stat. (2021) ("Section 9(a)").  Centurion argues that doing this will extinguish both the counts pleaded against it, *and* the separate claims against the individual defendants in Count 22. *Id.* at 3–4. Plaintiffs do not take a position on whether Centurion should confess judgement as to claims 23 and 24 or deposit funds in the court registry. However, Plaintiffs do object to

Centurion's argument that this action will result in the dismissal of Plaintiffs' IIED claims in Count 22.

As Plaintiffs noted above, they have pleaded two different kinds of claims against Centurion and its employees.  Counts 23 and 24 are claims against Centurion for the actions of its employees.  These claims assume that Centurion's employees, while engaging in misconduct, are covered by the liability protection set out in § 768.28(9)(a) (*i.e.*, these claims assume that the employees engaged in misconduct falling short of bad faith), meaning that under § 768.28(9)(a) the claims must be brought against Centurion itself. Count 22, by contrast, is pled assuming Centurion's employees' conduct meets the bad faith standard and, therefore, under §768.28(9)(a), the claims must be brought against the employees' themselves. Furthermore, these claims are not subject to the statutory damages caps.

Centurion seeks to preemptively confess judgment as a "state agency or subdivision" so that it can avail itself to the damages caps while the uncapped claims against its employees are dismissed. Their argument must fail for three reasons. First, the Federal Rules of Civil Procedure permit Plaintiffs to set out two or more alternative statements of a claim or defense. *See* FRCP 8(d)(2). This Rule permits bringing alternative claims against state agencies and their employees under Florida's sovereign immunity framework. *See Groover v. Polk County Board of County Commissioners*, 460 F. Supp. 3d 1242, 1251 (M.D. Fla. 2020) (permitting

inconsistent wrongful death claims to go forward against both a Florida county and its employees as alternative claims).

Centurion offers no authority to suggest that it may use an admission of liability to bind Plaintiffs into pursuing only one alternatively pled claim. Indeed, courts have long held that admissions of liability are only binding on the parties who make them. *See Jones. v. Cone*, 3:07-cv-941; 2009 WL 10670323, *1 (M.D. Fla. December 30, 2009) ("[A]n admission is only binding on the party who made it."); *See also Martinez v. Bally's Casino Lakeshore Resort*, 244 F.3d 474 (5th Cir. 2001) (A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them.) (Emphasis added).[1]

Centurion's admission of liability and confession of judgment only binds itself, not the Plaintiffs or other parties. Discovery is still ongoing and may yield evidence showing some or all of the Individual Defendants' conduct met the bad

---

[1] Contrary to this precedent and—again—without citation to authority, Centurion claims that Plaintiffs' arguments against dismissing the wrongful death claim against Centurion in Count 24 estops them from arguing the bad faith/malice standard applies in Count 22. (Doc. 139 at 4–5). This argument ignores the entire point of pleading in the alternative under Rule 8(d)(2), which is to allow plaintiffs to assert inconsistent claims at the pleading stage. "A court may not construe a plaintiff's first claim as an admission against another alternative or inconsistent claim." *Independent Enterprise, Inc. v. Pittsburgh Water and Sewer Authority*, 103 F.3d 1165, 1175 (3d Cir. 1997) (quoting *Henry Daytop Village,* 42 F.3d 89, 95 (2d Cir. 1994). As such, Plaintiffs arguments against dismissal of Count 24—which explicitly argued the claim was pled in the alternative to the IIED claims Count 22— do not estop Plaintiffs from continuing to seek relief on Count 22.

faith standard. If so, Plaintiffs might ultimately decide not to pursue its state law claims against Centurion and only seek relief against the Individual Defendants. Or, if factual disputes remain on the issue of bad faith, Plaintiffs might submit the alternative claims to a jury. The point is, this choice is reserved for the Plaintiffs under Rule 8(d)(2)—and Centurion cannot preemptively choose for them using an admission that is not binding on Plaintiffs.

To hold otherwise would allow any defendant to force resolution of any alternatively pled claims by admitting fault to the claim that exposes them to the lowest amount of damages. Centurion's argument here is the civil equivalent to a criminal defendant unilaterally confessing to manslaughter and then arguing his confession bars the state from prosecuting him for murder. The issue of whether the Individual Defendants meet the bad faith is a factual determination that cannot be forced to a resolution in the middle of discovery using a tactical admission of liability by a single party.

Second, Centurion's argument here that the damages cap applies to them contradicts its previous legal positions taken in this case. The only reason Centurion may avail itself to sovereign immunity in the first place is because Section 768.28(10)(a), Fla. Stat. (2021) states:

> Health care providers or vendors, or any of their employees or agents, that have contractually agreed to act as agents of the Department of Corrections to provide health care services to inmates of the state correctional system shall be

> considered <u>agents</u> of the State of Florida, Department of Corrections for the purposes of this section, while acting within the scope of and pursuant to the guidelines established in said contract or by rule.

*Id.* (emphasis added). Centurion previously argued in a motion for reconsideration that because this provision designates it as an "agent" of the Department of Corrections, it is entitled to the protection of the bad faith standard under §768.28(9)(a). (*See* Doc. 97 at 4). This Court denied Centurion's motion without prejudice so that it could resolve the issue on summary judgment with complete factual record. (Doc. 122 at 3).

While Plaintiffs argued in opposition to Centurion's Motion for Reconsideration, the arguments Centurion made in that motion remain at issue in this case. If this Court determines Centurion is an "agent" of the Department of Corrections, Centurion cannot then claim it is entitled to the benefit of damages caps reserved for state "agencies or subdivisions." As such, there remains a possibility Centurion could be held liable for damages in excess of the $300,000 statutory damages cap if it succeeds in its argument that the standard of liability for state "agents" applies to Count 24.

Third, and finally, Centurion's argument must fail here because the statutory damages caps only impose a limit on the funds a plaintiff may collect once a judgment has been entered—not a limit on the amount of a judgment itself. Specifically, the relevant provision states: "Neither the state nor its agencies or

8

subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $200,000 or any claim or judgment...[.]" §768.28(5)(a) Fla. Stat. (2021).

This provision "does not limit the right of a party to proceed to judgment for the full amount of damages against the state or its agencies." *Paushter v. South Broward Hosp. Dist.*, 664 So.2d 1032, 1033 (Fla. 4th DCA 1995). As such, even if the damages cap did apply to Centurion, their deposit of $300,000.00 into the court's registry does not resolve the claim against them. Plaintiffs would still be entitled to take Centurion to trial and seek judgment for the full amount. *Id.*

In short, Centurion's request to dismiss the claims against its employees by confessing judgment to the wrongful death claim in Count 24 does not moot the alternatively-pled claims in Count 22. Further, an open question remains as to whether the statutory damages cap even applies to Centurion. Finally, even if those caps do apply, they do not prevent Plaintiffs from seeking a judgment against Centurion for the full amount of damages. For these reasons, Centurion's request to dismiss the state law claims against its employees must be denied.

Respectfully submitted,

    */s/ Jesse Wilkison*
Wm. J. Sheppard, Esquire
Florida Bar No.:  109154
Elizabeth L. White, Esquire
Florida Bar No.:  314560
Matthew R. Kachergus, Esquire
Florida Bar No.:  503282
Bryan E. DeMaggio, Esquire
Florida Bar No.:  055712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus, DeMaggio & Wilkison, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone: (904) 356-9661
Facsimile: (904) 356-9667
Email: sheplaw@sheppardwhite.com
COUNSEL FOR PLAINTIFF

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the following by Electronic Mail, this 13th day of July 2021.

Brian A. Wahl, Esquire
Bradley Arant Boult Cummings LLP
1819 5th Avenue N.
Birmingham, AL 35203

Michael L. Glass, Esq.
Christine N. Gargano, Esq.
STONE, GLASS & CONNOLLY, LLP
3020 Hartley Road, Suite 250
Jacksonville, FL 32257

Chelsea L. Furman
Cole, Scott & Kissane, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401

　　　　　　　　　　/s/ Jesse B. Wilkison
　　　　　　　ATTORNEY