IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators of
the Estate of Curtis Dettmann,

    Plaintiffs,

v.                                    Case No.: 3:20-cv-00036-BJD-JRK

CENTURION OF FLORIDA, LLC, et al.,

    Defendants.
_____/

## CENTURION OF FLORIDA, LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Defendant, Centurion of Florida, LLC ("Centurion"), submits its responses to Plaintiffs' Second Set of Requests for Production to all Defendants, and states as follows:

### Preliminary Statement and General Objections

The answers are based on Centurion's present knowledge of the facts apparently relevant to this action. Centurion has not completed its investigation of the facts, discovery proceedings in this case, or preparation for trial. Centurion accordingly reserves the right to make appropriate changes in its answers or to supplement those answers should it appear at any time that an omission or error has been made or that additional or more accurate information should be included.

4830-5498-2390.1

Centurion further reserves its right to rely upon any and all information at trial, whether or not disclosed at this time in answer to these requests.

Discovery should be tailored according to the claims and defenses in this case, and Centurion objects to requests outside those parameters. To the extent that any or all requests call for information prepared or obtained in anticipation of litigation or for trial, or otherwise protected from disclosure by the work- product doctrine, the attorney-client privilege, or any other privilege, Centurion objects to such requests on such grounds. Centurion is not obliged to and will not disclose information protected from discovery by virtue of said privileges or doctrines. The foregoing general objections are incorporated by reference into each response as though fully set forth, regardless of whether any or all of said objections are repeated in response to any specific request.

### **RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION**

1. All Documents and Communications between January 1, 2015 and January 30, 2018 between personnel at RMC (including but not limited to employees and agents of Centurion and of the FDC) and any other person relating in whole or in part to C. Diff.

**RESPONSE:** Centurion objects to this request as it seeks information not relevant to any party's claims or defenses at issue in this case. The claims in this action relate to the care, or alleged lack thereof, provided to Mr. Dettman while he was housed at RMC. All documents or communications from personnel at RMC related to C. Diff. has no relevance to the treatment Mr. Dettman did or did not receive. In addition, RMC houses hundreds of inmates at any given time, many of whom are transferred to RMC from outside facilities due to their already existing medical conditions, including C.Diff. The collection of documents or communications related to their care is irrelevant to the claims at issue in this case.

2

Centurion also objects to this request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

Centurion additionally objects to this request as it is overly broad, unduly burdensome and not proportional to the needs of the case. Mr. Dettman was housed at RMC for a short time in December 2017 – January 2018, thus communications or documents regarding treatment provided to other inmates three years before is irrelevant to any party's claim or defense. The request is also overly broad and unduly burdensome because it is not limited to the individual providers named as defendants in this case, and there is no reason why the care of other providers to other patients has any relevance in this matter. This is particularly true as Plaintiff alleges the named defendants failed to test or diagnose Mr. Dettman with C.Diff and, as a result, did not treat him for C.Diff; thus, communications related to the treatment of C.Diff are unrelated to the claims at issue in this action.

Likewise, seeking all documents and communication related in whole or in part to C.Diff at this facility for the three years prior to Mr. Dettman's admission is too broad of a time frame and not proportional to the needs of this case. RMC houses hundreds of inmates at any given time, many of whom are transferred to RMC from outside facilities due to their already existing medical conditions, including C.Diff. The collection of communications and documents related to those cases of C.Diff is likewise irrelevant to the claims at issue in this case.

Centurion additionally objects to this request as it seeks information not in its custody or control. While the term "document" is vague and too broad, to the extent it is seeking some sort of unnamed record of C.Diff infections at RMC, Centurion does not keep in the regular course of business a record specific to all C.Diff infections at RMC and the treatment thereof. To provide the information requested would require searches through the individual medical records of all the inmates ever housed at RMC for the requested time, which is unduly burdensome and not proportional to the needs of the case. In addition, the Florida Department of Corrections—not Centurion—is the record custodian for medical records of current and former inmates. While Centurion has access to medical records of inmates who are currently incarcerated and being treated, Centurion does not have access to medical records of other inmates, including inmates who have died, been released, or who are not currently being treated. To the extent this request seeks information about inmates who fall into the latter categories, Centurion does not have access to such information and cannot reasonably get access to such information.

Finally, Centurion objects to this request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

Notwithstanding these objections, to the extent that there are written policies or that procedures exist regarding the testing or diagnosis of C.Diff which were in effect in January 2018 and are in the custody or control of Centurion, they have been produced. Any additional responsive polices or procedures which may have existed in January 2018 would be in the custody or control of FDOC.

2.   Documents sufficient to show the following with respect to each case of C. Diff at RMC between January 1, 2015 and January 30, 2018:

   a. the identity of the patient suffering from C. Diff;
   b. the date of diagnosis of C. Diff;
   c. the housing and hospital location of the patient at diagnosis of C. Diff;
   d. the course of treatment of C. Diff; and
   e. all medical personnel involved in treatment of C. Diff.

**RESPONSE:** Centurion objects to this request as it seeks information not relevant to any party's claims or defenses at issue in this case. The claims in this action relate to the care, or alleged lack thereof, provided to Mr. Dettman while he was housed at RMC. All documents related to all patients at RMC who were treated for C. Diff. has no relevance to the care Mr. Dettman did or did not receive. For example, three years of records from inmates who received treatment for C.Diff is irrelevant to Plaintiff's claims where it is alleged that Mr. Dettman was not tested, diagnosed, or treated for C.Diff. In addition, RMC houses hundreds of inmates at any given time, many of whom are transferred to RMC from outside facilities due to their already existing medical conditions, including C.Diff. The collection of their medical information related to C.Diff is likewise irrelevant to the claims at issue in this case. Centurion also objects to this request because it seeks information protected by the Health Insurance Portability and Accountability Act (HIPAA).

Centurion additionally objects to this request as it is overly broad, unduly burdensome and not proportional to the needs of the case. Mr. Dettman was housed at RMC for a short time in December 2017 – January 2018. The cases of C.Diff at this facility for the three years prior to his admission is too broad of a time frame and not related to Plaintiff's claims that Mr. Dettman was not tested or diagnosed with C.Diff or that there is a policy or practice at RMC that led to Mr. Dettman's alleged injuries in January 2018. The request is also overly broad and unduly burdensome because it is not limited to the individual providers named as defendants in this case, and there is no reason why the care of other providers to other patients has any relevance in this matter.

Centurion additionally objects to this request as it seeks information not in its custody or control. Centurion does not keep in the regular course of business a record identifying all patients with C.Diff infections over several years at RMC and the treatment thereof. To provide the information requested would require searches through the individual medical records of all the inmates ever housed at RMC for the requested time, which is unduly burdensome and not proportional to the needs of the case. In addition, the Florida Department of Corrections—not Centurion—is the record custodian for medical records of current and former inmates. While Centurion has access to medical records of inmates who are currently incarcerated and being treated, Centurion does not have access to medical records of other inmates, including inmates who have died, been released, or who are not currently being treated. To the extent this request seeks information about inmates who fall into the latter categories, Centurion does not have access to such information and cannot reasonably get access to such information.

3.   All medical records reflecting any treatment for C. Diff provided to the individuals you identified in response to Plaintiff's Second Set of Interrogatories to Centurion of Florida, served concurrently herewith.

**RESPONSE:**   See Centurion's objections and response to Interrogatory No. 1 of Plaintiff's Second Set of Interrogatories and Request for Production No. 2, incorporated herein by reference.


4.   All documents of C. Diff infections at C Diff [sic] between January 1, 2015 and December 31, 2018.

**RESPONSE:**   See Centurion's objections and response to Request for Production No. 2, incorporated herein by reference.


5.   Documents sufficient to show the following:

   a. all searches or queries in "Up to Date" relating to C. Diff by Centurion employees or agents between January 1, 2016 and August 1, 2018;
   b. the identity of the person who entered the search or query;
   c. the date and time of each such search or query;
   d. the terms used in each such search or query; and
   e. the documents generated by each such search or query.

5

**RESPONSE:** Centurion objects to this request as it seeks information not relevant to any party's claims or defenses. The claims in this action related to C.Diff involve the alleged failure to diagnose and treat Mr. Dettman for C.Diff. There is no reason why Up to Date searches on any C. Diff related topic, for example, infection control of C.Diff, has relevance to the claims or defenses in this matter.

Centurion additionally objects to this request because it is not narrowly tailored in time or scope, is not proportional to the needs of the case, is overly broad, and unduly burdensome. Mr. Dettman was housed at RMC for a short time in December 2017 – January 2018, thus information related to Up to Date searches for the two years before and six months after his time at RMC is too broad of a time frame, not proportional to the needs of this case, and is irrelevant to any party's claims or defenses. The request is also overly broad and unduly burdensome because it is not limited to the individual providers named as Defendants in this case or even to providers working at RMC. There is no reason why the Up to Date searches of providers at facilities other than RMC, or providers at RMC who did not treat Mr. Dettman, has any relevance in this matter.

Notwithstanding these objections, Centurion refers Plaintiff to the response of the Centurion Defendants to Request No. 5.

6. Documents sufficient to show the following:

   a. All searches or queries of "Up to Date" made by any of the Individual Defendants between January 1, 2018 and January 30, 2018;
   b. The identity of the person who entered the search or query;
   c. The date and time of each such search or query;
   d. The terms used in each such search or query; and
   e. The documents generated by each such search or query.

**RESPONSE:** Centurion objects to this request as it is overly broad, unduly burdensome and not proportional to the needs of the case. Centurion further objects as the information sought is not related to any party's claims or defenses. Up to Date is typically used by providers to obtain CME credit. There is no reason why the Up to Date usage of the Individual Defendants related to any subject matter has relevance to the claims or defenses in this matter nor is it proportional.

Notwithstanding these objections, Centurion refers Plaintiff to the response of the Centurion Defendants to Request No. 5.

7. Documents sufficient to identify all "Up to Date" account numbers, access codes, login credentials, and all other identifying information of

    a. Each of the Individual Defendants;
    b. Centurion; and
    c. Personnel at RMC.

**RESPONSE:** Centurion objects to this request as it is overly broad because it seeks information related to Up to Date usage of individuals beyond the Individual Defendants and individuals who did not provide care to Mr. Dettman. Centurion further objects as the information sought is not related to any party's claims or defenses. Up to Date is typically used by providers to obtain CME credit. There is no reason why the Up to Date account numbers, access codes, or login credential of the requested persons has relevance to the claims or defenses at issue in this matter nor is it proportional.

Dated: August 13, 2021

/s/ Brian A. Wahl
Brian A. Wahl (FBN 95777)
Bradley Arant Boult Cummings LLP
1819 5th Avenue North
Birmingham, AL 35203
Tel: (205) 521-8800
bwahl@bradley.com

R. Craig Mayfield (FBN 429643)
Jacob Hanson (FBN 91453)
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
cmayfield@bradley.com
jhanson@bradley.com

Molly M. Walker (MSB 100689)
***Admitted Pro Hac Vice***
Bradley Arant Boult Cummings LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mmwalker@bradley.com

**Counsel for Defendant Centurion of Florida, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2021, I served the foregoing via email to all counsel of record, as follows:

Jesse B. Wilkison, Esq.
SHEPPARD, WHITE, KACHERGUS & DEMAGGIO, P.A.
215 N. Washington Street
Jacksonville, FL 32202
sheplaw@sheppardwhite.com
***Counsel for Plaintiff***

Arthur R. Loevy, Esq.
Sarah C. Grady, Esq.
Stephen H. Weil, Esq.
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
sarah@loevy.com
arthur@loevy.com
weil@loevy.com
***Co-Counsel for Plaintiff***

Jordan M. Janoski, Esq.
MURPHY & ANDERSON, P.A.
1501 San Marco Boulevard
Jacksonville, FL 32207
jjanoski@murphyandersonlaw.com
***Counsel for Lois Brown, Lorie Swanson and Barbara Purvis***

Barry A. Postman, Esq.
Chelsea Furman, Esq.
Claire R. Hurley, Esq.
COLE SCOTT & KISSANE, P.A.
222 Lakeview Ave., Suite 120
West Palm Beach, FL 33401
Barry.postman@csklegal.com
chelsea.furman@csklegal.com
***Counsel for Sharon Cooper and Tabatha Mahoney***

Michael L. Glass, Esq.
Christine N. Gargano, Esq.
STONE, GLASS & CONNOLLY, LLP
3020 Hartley Road, Suite 250
Jacksonville, FL 32257
mglass@sgc-attorneys.com
pleadings@sgc-attorneys.com
thumphrey@sgc-attorneys.com
***Counsel for Julies Jones, Erich Hummel, Thomas Reimers, Timothy Whalen, David Allen***

/s/ Brian A. Wahl
***Counsel for Defendant Centurion of Florida, LLC***