# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

| | |
|---|---|
| Sarah McCrimmon *et al.*, | |
| Plaintiffs, | Case No. 3:20-cv-0036-BJD-JRK |
| v. | Hon. Brian J. Davis, J. |
| Centurion of Florida, LLC *et al.*, | Hon. James R. Klindt, M.J. |
| Defendants. | |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF RESPONSIVE ESI UNILATERALLY WITHHELD ON RELEVANCE GROUNDS**

Plaintiffs, through their undersigned counsel, present this motion to compel defendant Centurion of Florida, LLC ("Centurion") to produce electronically stored information ("ESI") that is responsive to Plaintiffs' discovery requests, but which Centurion has silently withheld from production based on its own unilateral and undisclosed assessment of its relevance.

## INTRODUCTION

The Centurion defendants have maintained an untenable view of the Federal Rules and the scope of discovery in this case. And they have refused to compromise their positions in any meaningful fashion. As a result, Plaintiffs come before the Court with yet another discovery motion that they never should have been forced to file. Plaintiffs file this latest motion because Centurion has refused to produce ESI that is responsive to Plaintiffs' discovery requests but that

1

Centurion has decided, on its own, is not sufficiently relevant to Plaintiffs' claims. In other words, separate and apart from Centurion's objections to Plaintiff's document requests, and separate and apart from determining whether ESI it has gathered is *responsive* to those requests, Centurion has been silently holding back ESI it deems irrelevant. Centurion refuses to tell Plaintiffs what these documents are. It refuses to tell Plaintiffs to which requests they are responsive. It refuses to tell Plaintiffs what categories of ESI are being withheld, how it is conducting the relevance review, or even why it contends that the documents it has withheld are not relevant. Centurion instead asserts that it can silently select which responsive documents to produce based on its own unilateral and unexplained assessment of which documents are relevant to the claims and defenses in this case, and which are not.

     Centurion's position subverts the very adversarial framework supporting the Federal Rules of Civil Procedure and the Federal Rules of Evidence. In nearly all litigation opposing parties have differing views what facts are relevant, what information is material, and what evidence is admissible. This case is no exception: the parties have filed multiple briefs in which they take diametrically opposed positions regarding the relevance of Plaintiffs' various discovery requests. Disagreements about relevance are to be expected, and the Federal Rules set out a process for parties to raise these disputes before the court during discovery,

dispositive motions, and ultimately at trial. That process, however, depends on an adversarial system in which the opposing parties disclose the bases for their positions, which provides the court with the information it needs to assess and adjudicate the relevance of disputed facts and evidence. What the Federal Rules do *not* permit is for one party to silently withhold responsive documents or information that are responsive to a discovery request but the which the responding party unilaterally determined to be not sufficiently relevant to the opposing party's claims. Indeed, Rule 34(b)(2)(C) expressly prohibits responding parties from doing this. Yet Centurion appears to have taken this approach across the board with respect the ESI it has gathered in this case.

Through this motion, Plaintiffs seek an order directing Centurion to produce those documents (and information) that are responsive to any of Plaintiffs' ESI discovery requests but which Centurion has withheld based on its own unilateral determination of that they are not relevant to the claims or defenses in this case. Such an order is appropriate where Centurion has failed to comply with its discovery obligations even after Plaintiffs pointed out Centurion's error and gave it an opportunity to correct.

## BACKGROUND

After Plaintiffs served multiple discovery requests on Centurion, the parties reached a partial agreement regarding electronic searches of Centurion servers to

identify responsive ESI. *See* ECF 147 at 4 (listing agreed-upon search terms). After conducting these searches, Centurion produced certain documents containing one or more of the agreed-upon terms.

The parties were unable to reach agreement regarding the scope of searches to identify responsive ESI pertaining to Plaintiffs' *Monell* claim, and Plaintiffs filed a motion to compel. *See* ECF 147. In its brief responding to that motion, Centurion suggested that in addition to reviewing the ESI it had gathered to determine whether they were responsive to Plaintiffs' discovery requests, it had conducted a review to decide whether those documents responsive to Plaintiffs' discovery were *also* relevant to Plaintiffs' claims, and had withheld from production those documents that it had unilaterally determined were not relevant. *See* ECF 150 at 17. When Plaintiffs learned that Centurion was withholding responsive ESI based on its own unilateral determinations of relevance, they contacted Centurion's counsel, who confirmed that apart from determining whether documents were responsive, Centurion was indeed making relevance assessments, and was unilaterally withholding from production ESI that was responsive to Plaintiffs' discovery requests, but which Centurion deemed not to be relevant to Plaintiffs' claims in the case.

Plaintiffs explained to Centurion that unilaterally withholding relevant ESI was prohibited under the Federal Rules. Plaintiffs then attempted to reach

4

compromise, asking Centurion to agree to identify what ESI was being withheld (Centurion refused), or what categories of ESI were being withheld (Centurion refused), or even what discovery requests had yielded responsive ESI being withheld based on a relevance determination (Centurion refused). Plaintiffs explained that Rule 34(b)(2)(C) required such identification, and therefore requested that Centurion provide a log or some other sort of indication identifying which responsive ESI was being withheld based on Centurion's unilateral relevance determination.

Centurion refused to alter its position. It refused to identify what ESI it has withheld based on relevance, or even what categories. It refused to explain how it is making this relevance determination or what parameters guide its review. With no way of knowing what documents Centurion is withholding or why, Plaintiffs here seek relief from the Court. The parties have determined that they are at issue and this motion follows.

## ARGUMENT

Centurion is violating a basic tenet of discovery: a party responding to discovery may not withhold information responsive to a discovery request based on its unilateral determination that the information is not relevant. That is settled law in this Circuit, and across the country. *See Wyatt v. Matrixx Initiatives, Inc.*, No. 2:04-cv-1230, 2006 WL 8437341, at *1 (N.D. Ala. Apr. 24, 2006) ("It is, of

5

course, settled law that a party may not make a unilateral decision as to which of its documents are relevant to the litigation and withhold such documents from discovery."); *Penny v. AT&T Corp.*, No. 6:15-cv-557, 2015 WL 12852976, at *6 (M.D. Fla. Sept. 17, 2015) ("[Responding party] improperly attempts to unilaterally narrow this interrogatory to entities and locations it deems to be relevant. [Responding party] must respond to the interrogatory as written."); *Hirsch v. USHealth Advisors, LLC*, No. 4:18-cv-245, 2020 WL 1271588, at *7 (N.D. Tex. Feb. 14, 2020) ("[Defendant] cannot unilaterally decide to limit discovery requests based on what [Defendant] believes is relevant."). *Cf. Wiegand v. Royal Caribbean Cruises Ltd.*, No. 19-cv-25100, 2021 WL 3934199, at **3,4 (S.D. Fla. Aug. 11, 2021) (sanctioning defendant who "unilaterally . . . determined that only thirty minutes of [responsive video] footage was relevant" and failed to preserve the remaining footage, because "permitting a defendant to disregard the [discovery] request of opposing counsel [is] in derogation of the Federal Rules of Civil Procedure").

  The reason for this rule is simple: parties do not "possess the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case" and thus "cannot, by their sole insistence, declare evidence undiscoverable and irrelevant." *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014). As one leading treatise explains, doing this

"improperly shift[s] the determination of relevance from the court to the responding party [and] creates uncertainty about how many and what kinds of responsive documents were withheld based on the responding party's unilateral determination that they were not relevant." Steven S. Gensler, 1 *Federal Rules of Civil Procedure, Rules and Commentary - Rule 34* (West 2021 ed.).

A responding party may object and *claim* that a responsive document is not relevant, but such objections, and the grounds for making them, must be identified specifically so that the requesting party can review that relevance claim and have the opportunity to raise any disagreement about that determination before the Court. *Cf. Simon v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-2125, 2015 WL 12866988, at *5 (M.D. Fla. Oct. 16, 2015) (rejecting party's assertion that it was "produc[ing] all 'relevant portions of its Claim File' and withhold[ing] all 'irrelevant portions of its Claim File[]' because [that response] fails to articulate what information [Defendant] perceives to be relevant versus irrelevant to the [litigation].").

*Simon* relied upon two authorities that are also instructive here. *Cf. Simon*, 2015 WL 12866988, at *5 (citing *E.E.O.C. v. Dolgencorp, LLC*, No. 1:09-cv-700, 2011 WL 1260241 (M.D.N.C. Mar. 31, 2011) and *Athridge v. Aetna Casualty & Surety Co.*, 184 F.R.D. 181 (D.D.C. 1998)). In *Dolgencorp*, the district court prohibited exactly what Centurion has done here: "with[holding] documents

7

responsive to [the requesting party's] discovery requests based on the [responding party's] unilateral relevance determinations," 2011 WL 1260241, at *15, "particularly without clarifying for [the requesting party] and the Court exactly what information or records the [responding party] failed to disclose on such a basis." *Id.* at *16. The court in *Athridge*, meanwhile, explained that unilaterally withholding documents based on relevance inappropriately cuts the court out of the picture: "The defendant, having no incentive to err on the side of disclosure, has arrogated to itself the authority to decide the question of relevance which is unquestionably the decision of the judge." *Athridge*, 184 F.R.D. at 190.

These problems are on display in this case, where there is every indication that Centurion has taken an aggressive view of what documents and information are relevant to this case. First Centurion rejected virtually all of Plaintiffs' proposed search terms pertaining to Plaintiffs' *Monell* claim based on Centurion's position that the only *Monell* theory upon which Plaintiffs are entitled to discovery is for failing to treat the bacterial infection *clostridium difficile* (and not, for example, a theory that Centurion maintains dangerous infection control policies and practices that results in inadequate treatment of infectious diseases). *See* ECF 147 at 5-6. But then, when Plaintiffs served discovery relating specifically to Centurion's treatment of other patients suffering from C. diff, Centurion reversed its position—it refused to answer that discovery too, because Plaintiffs' *Monell*

8

claims were based on broader claims (such as ignoring symptoms and failure to perform prompt testing). *See* ECF 171 at 2-3, 5. Centurion has also claimed that its own written policies and training materials are irrelevant in this case, that documents related to any location other than RMC are irrelevant to Plaintiffs' *Monell* claims regarding Centurion's practices across the FDC, that any documents regarding Centurion's practices before December 2017 (a month before Mr. Dettmann's death) are irrelevant, and that any mortality reviews of patients other than Mr. Dettmann are presumptively irrelevant it Plaintiffs' widespread-practice *Monell* claims. Despite Plaintiffs' exhaustive attempts to reach compromise on what documents are subject to discovery in this case, Centurion has persisted in its aggressive—and internally inconsistent—view of discovery in this case regarding the death of a young man under its care from an entirely treatable disease.

Each of those positions is now the subject of motions currently pending before this Court, and Plaintiffs have explained why they believe Centurion's view of relevance and discoverability is blatantly wrong. *See* ECF 147; ECF 151; ECF 156; ECF 171. But these motions all concern positions about relevance that Centurion has *disclosed*. As things stand, Plaintiffs have no idea what more or different positions on relevance Centurion has taken in assessing the ESI it has unilaterally withheld as indicated in ECF 150 at 17, how those positions on relevance apply to the specific ESI withheld, or even whether such a determination

had been made in favor of withholding the documents. It is one thing for Centurion to disclose its contentions regarding relevance in the open, where Plaintiffs can respond to them and the Court can assess them. It is quite another for Centurion to make relevance determinations unilaterally and in secret, where they cannot be assessed either by Plaintiffs or the Court. Yet by unilaterally withholding responsive ESI based on its own, undisclosed assessment about whether the document relevant in this case, that is precisely what Centurion has done. The Court cannot permit Centurion to withhold ESI that is responsive to Plaintiffs' discovery requests in this way.

*   *   *

As Plaintiffs have recounted above, they contacted Centurion regarding this failing, explained the law to Centurion, and gave the company ample opportunity to correct course. Plaintiffs also sought to work out a compromise, asking Centurion to agree to identify what ESI was being withheld, what categories of ESI were being withheld, or what discovery requests had yielded responsive ESI that was being withheld based on a relevance determination. *See supra* at 3-5. Centurion has refused to do any of these things. Plaintiffs have no way of knowing what responsive ESI Centurion is withholding based its unilateral relevance assessment, and no way of finding out.

Plaintiffs respectfully submit that in light of Centurion's conduct, the Court should order Centurion to produce all ESI responsive to Plaintiffs' discovery requests that Centurion is withholding based on its own unilateral determination of relevance. Given Centurion's improper insistence on withholding such documents, after Plaintiffs gave it ample opportunity to correct course, production is the appropriate remedy. *See Spendlove v. RapidCourt, LLC*, No. 3:18-cv-856, 2019 WL 7143664, at *6 (E.D. Va. Dec. 23, 2019) (deciding, with respect to a party unilaterally withholding documents based on a relevance objection, "By asserting an improper objection, [the responding party] has spent its ammunition on the relevance ground wastefully. It now must pay the price and provide the requested discovery."); *Penny*, 2015 WL 12852976, at *8 (ordering responding party that had unilaterally narrowed response to interrogatory based on relevance to respond to interrogatory "as written"); *Athridge*, 184 F.R.D. at 191 (holding that a responding party's failure to identify relevance objections with specificity was waiver).

Such a remedy is appropriate in these circumstances; Plaintiffs should not be forced to wait further for the production of responsive ESI that Centurion insisted on withholding based on inappropriate objections even after Plaintiffs explained the law to Centurion and attempted to resolve the dispute informally. Notably, no prejudice will be caused by this production, as any ESI produced would be covered

11

both by HIPAA and confidentiality protective orders that have already been entered in this case. *See* ECF 81, 131.

**WHEREFORE**, Plaintiffs respectfully request that the Court issue an order compelling Centurion to produce ESI that it has withheld from production based on unilateral determinations of relevance, as described in this motion. *See supra* at 3-5; ECF 150 at 17.[1]

November 10, 2021                                                     Respectfully submitted,

/s/ *Stephen H. Weil*
Stephen H. Weil

Sarah C. Grady                                              Jesse Wilkison
Stephen H. Weil                                             SHEPPARD, WHITE, KACHERGUS
LOEVY & LOEVY                                               & DEMAGGIO, P.A.
311 North Aberdeen St., 3rd Floor                           215 North Washington St.
Chicago, IL 60607                                           Jacksonville, FL 32202
T: (312) 243-5900                                           T: (904) 356-9661
weil@loevy.com

*Counsel for Plaintiffs*

---

[1] Centurion has conceded that it is withholding such documents in relation to its ESI searches, *see supra* at 3-5; ECF 150 at 17, so this motion applies specifically to those documents. To the extent Centurion is withholding other documents responsive to Plaintiffs' discovery requests based on its own unilateral relevance assessment, doing so would be inappropriate for the same reason.

## LOCAL RULE 3.01(g) CERTIFICATION

  Pursuant to Local Rule 3.01(g), counsel for Plaintiffs conferred with counsel for the Centurion Defendants prior to filing this Motion via teleconference and email. Defense counsel does not consent.

            /s/ Stephen H. Weil
            Stephen H. Weil
            One of Plaintiffs' Attorneys

## **CERTIFICATE OF SERVICE**

    I, Stephen H. Weil, an attorney, hereby certify that on November 10, 2021, I filed the foregoing via the Court's CM/ECF system which effected service on all counsel of record.

                                      /s/ Stephen H. Weil
                                      Stephen H. Weil
                                      One of Plaintiffs' Attorneys