IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SARAH MCCRIMMON and CARON DETTMANN, as Co-Administrators of the Estate of Curtis Dettmann,<br><br>    Plaintiffs,<br><br>v.<br><br>CENTURION OF FLORIDA, LLC, et al.,<br><br>    Defendants. | Case No.: 3:20-cv-00036-BJD-LLL |

## CENTURION DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT [ECF NO. 167]

Defendants Centurion of Florida, LLC; Rakesh Sharma; Marinette Gonzalez Morales; David Rodriguez; Gerardo Pedroza; Tanesha Adkins; Elizabeth Morton; Clarissa Moody; Priscilla Roberts; Tamara Taylor; Alex Renelus; Kayla McCarter, and Stacy Cooper (collectively, the "Centurion Defendants") file their Answer and Affirmative Defenses to the Third Amended Complaint and state as follows:

## ANSWER

### Introduction

1. Admitted that Curtis Dettmann ("Decedent") died on January 23, 2018. Otherwise, denied.

2. Admitted Decedent was a prisoner at the Reception and Medical Center ("RMC") preceding his death. Otherwise, denied.

3. Denied.

### Jurisdiction and Venue

4. Admitted for purposes of jurisdiction.

5. Admitted for purposes of venue.

### Parties

6. Without knowledge to by whom Decedent is survived. Otherwise, admitted.

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Admitted that Centurion of Florida, LLC ("Centurion") contracted with the Florida Department of Corrections ("FDC") to provide contractually specified healthcare services at some FDC facilities, including at RMC. Otherwise, denied.

10. Admitted that Dr. Rakesh Sharma was medical director at RMC at the relevant time. Otherwise, denied.

11. Admitted that Priscilla Roberts was a Health Services Administrator for the Out-Patient Department at RMC for Centurion at the relevant time. Otherwise, denied.

12. Admitted that Tamara Taylor was a Regional Director for Centurion at the relevant time. Otherwise, denied.

13. Admitted that Drs. Marinette Gonzalez Morales, David Rodriguez, and Gerardo Pedroza were physicians working for Centurion at RMC at the relevant time. Otherwise, denied.

14. Admitted that Alex Renelus, Stacy Cooper, Kayla McCarter, Tanesha Adkins, Elizabeth Morton, and Clarissa Moody were nurses who worked pursuant to the contract between Centurion and FDC and who worked at RMC at the relevant time.  Otherwise, denied as to these Defendants. The remaining defendants that are the subject of the allegations in this paragraph are not represented by undersigned counsel and, therefore, no response is required. To the extent a response is required for the remaining defendants, without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

## Allegations

20. Without knowledge, therefore denied.

21. Admitted Decedent was housed at RMC. Otherwise, denied.

22. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

23. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

24. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

25. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Denied that Decedent weighed 134 pounds at the time of arrival. Otherwise, denied.

26. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Gonzalez specifically denies any allegation that she failed to provide proper care to Decedent. Otherwise, denied.

27. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

28. Without knowledge, therefore denied.

29. Denied.

30. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Gonzalez specifically denies any allegation that she failed to provide proper care to Decedent. Otherwise, denied.

31. Denied.

32. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Renelus specifically denies any allegation that he failed to provide proper care to Decedent. Otherwise, denied.

33. Denied.

34. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Rodriquez specifically denies any allegation that he failed to provide proper care to Decedent. Otherwise, denied.

35. Denied.

36. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Pedroza specifically denies any allegation that he failed to provide proper care to Decedent. Otherwise, denied.

37. Denied.

38. Without knowledge, therefore denied.

39. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. McCarter specifically denies any allegation that she failed to provide proper care to Decedent. Otherwise, denied.

40. Denied.

41. Denied.

42. Without knowledge, therefore denied.

43. Without knowledge, therefore denied.

44. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

45. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Rodriquez specifically denies any allegation that he failed to provide proper care to Decedent. Otherwise, denied.

46. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Adkins specifically denies any allegation that she failed to provide proper care to Decedent. Otherwise, denied.

47. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Gonzalez specifically denies any allegation that she failed to provide proper care to Decedent. Otherwise, denied.

48. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Moody specifically denies any allegation that she failed to provide proper care to Decedent or falsified medical records. Otherwise, denied.

49. Admitted Decedent was discharged. Otherwise, denied.

50. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Gonzalez and Sharma specifically deny any allegation that they failed to provide proper care to Decedent. Otherwise, denied.

51. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Morton specifically denies any allegation that she failed to provide proper care to Decedent. Otherwise, denied.

52. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Nurse Morton specifically denies any allegation that she failed to provide proper care to Decedent. Otherwise, denied.

53. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, denied.

54. Admitted that Plaintiff Sarah McCrimmon made email and phone contact with some named Defendants. Otherwise, denied.

55. Admitted that Plaintiff Sarah McCrimmon contacted Centurion personnel regarding Decedent and that Defendant Roberts wrote back to Plaintiff McCrimmon. Otherwise, denied.

56. Without knowledge, therefore denied.

57. Denied.

58. Denied.

59. Without knowledge, therefore denied.

60. Without knowledge, therefore denied.

61. Without knowledge, therefore denied.

62. Admitted Plaintiff McCrimmon contacted Defendant Taylor. Otherwise, denied.

63. Denied.

64. Admitted that Plaintiff Sarah McCrimmon made email and phone contacts on behalf of Decedent. Otherwise, without knowledge, therefore denied.

**COUNT I – 42 U.S.C. § 1983 – Eight Amendment – Centurion**

65. Centurion incorporates the responses in paragraphs 1–64.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

To the extent the unnumbered paragraph following paragraph 72 requires a response, denied.

**COUNT II – 42 U.S.C. § 1983 – Eighth Amendment – Dr. Sharma**

73. Dr. Sharma incorporates the responses in paragraphs 1–64.

74. Denied.

75. Denied.

To the extent the unnumbered paragraph following paragraph 75 requires a response, denied.

### COUNT III – 42 U.S.C. § 1983 – Eighth Amendment – Dr. Gonzalez

76. Dr. Gonzalez incorporates the responses in paragraphs 1–64.

77. Denied.

78. Denied.

To the extent the unnumbered paragraph following paragraph 78 requires a response, denied.

### COUNT IV – 42 U.S.C. § 1983 – Eighth Amendment – Dr. Rodriguez

79. Dr. Rodriguez incorporates the responses in paragraphs 1–64.

80. Denied.

81. Denied.

To the extent the unnumbered paragraph following paragraph 81 requires a response, denied.

### COUNT V – 42 U.S.C. § 1983 – Eighth Amendment – Dr. Pedroza

82. Dr. Pedroza incorporates the responses in paragraphs 1–64.

83. Denied.

84. Denied.

To the extent the unnumbered paragraph following paragraph 84 requires a response, denied.

### COUNT VI – 42 U.S.C. § 1983 – Eighth Amendment – Nurse Renelus

85. Nurse Renelus incorporates the responses in paragraphs 1–64.

86. Denied.

87. Denied.

88. Denied.

To the extent the unnumbered paragraph following paragraph 88 requires a response, denied.

### COUNT VII – 42 U.S.C. § 1983 – Eighth Amendment – Nurse McCarter

89. Nurse McCarter incorporates the responses in paragraphs 1–64.

90. Denied.

91. Denied.

92. Denied.

To the extent the unnumbered paragraph following paragraph 92 requires a response, denied.

### COUNT VIII – 42 U.S.C. § 1983 – Eighth Amendment – Nurse Cooper

93. Nurse Cooper incorporates the responses in paragraphs 1–64.

94. Denied.

95. Denied

96. Denied

To the extent the unnumbered paragraph following paragraph 92 requires a response, denied.

### COUNT IX – 42 U.S.C. § 1983 – Eighth Amendment – Nurse Adkins

97. Nurse Adkins incorporates the responses in paragraphs 1–64.

98. Denied.

99. Denied.

To the extent the unnumbered paragraph following paragraph 99 requires a response, denied.

### COUNT X – 42 U.S.C. § 1983 – Eighth Amendment – Nurse Morton

100. Nurse Morton incorporates the responses in paragraphs 1–64.

101. Denied.

102. Denied.

To the extent the unnumbered paragraph following paragraph 102 requires a response, denied.

### COUNT XI – 42 U.S.C. § 1983 – Eighth Amendment – Nurse Moody

103. Nurse Moody incorporates the responses in paragraphs 1–64.

104. Denied.

105. Denied.

To the extent the unnumbered paragraph following paragraph 105 requires a response, denied.

### COUNT XII – 42 U.S.C. § 1983 – Eighth Amendment – Nurse Mahoney

106–108. Nurse Mahoney is not represented by undersigned counsel, so no response is required. To the extent a response is required, without knowledge, therefore denied.

### COUNT XIII – 42 U.S.C. § 1983 – Eighth Amendment – Roberts

109. Roberts incorporates the responses in paragraphs 1–64.

110. Denied.

111. Denied.

To the extent the unnumbered paragraph following paragraph 111 requires a response, denied.

### COUNT XIV – 42 U.S.C. § 1983 – Eighth Amendment – Taylor

112. Taylor incorporates the responses in paragraphs 1–64.

113. Denied.

114. Denied.

To the extent the unnumbered paragraph following paragraph 114 requires a response, denied.

## COUNT XXII[1] – Intentional Infliction of Emotional Distress –
## Sharma, Roberts, Gonzalez, Rodriguez, Pedroza, McCarter, Renelus, Cooper, Adkins, Morton, Moody, and Mahoney[2]

136. Sharma, Roberts, Gonzalez, Rodriguez, Pedroza, McCarter, Renelus, Cooper, Adkins, Morton, and Moody incorporate the responses in paragraphs 1–64.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

To the extent the unnumbered paragraph following paragraph 141 requires a response, denied.

## COUNT XXIII – Respondeat Superior – Centurion

142–145. The Court previously dismissed Plaintiffs' respondeat superior count against Centurion in Plaintiff's Amended Complaint. ECF No. 95 at 25–27. Through communication with Plaintiffs' counsel, Plaintiffs are only reasserting the count to preserve it for appeal and are not now challenging the Court's prior determination that the claim is dismissed. As such, no response is required and the claim should be deemed dismissed. To the extent a response is required, denied.

---

[1] Counts 15 through 21 are not against the Centurion Defendants, so no response is required. To the extent a response is required, without knowledge, therefore denied.
[2] Undersigned counsel does not represent Mahoney and is not answering this count on her behalf.

13

### COUNT XXIV – Wrongful Death – Centurion

146. Centurion incorporates the responses in paragraphs 1–64.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

To the extent the unnumbered paragraph following paragraph 150 requires a response, denied.

### JURY DEMAND

The Centurion Defendants demand a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Plaintiffs' Third Amended Complaint fails to state facts against Centurion Defendants that would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

## THIRD DEFENSE

Plaintiffs fail to establish that Centurion was independently liable for a violation of § 1983 and fails to satisfy all elements of the claim. Plaintiffs, therefore, fail to establish and cannot establish that Centurion violated Decedent's constitutional rights.

## FOURTH DEFENSE

Centurion Defendants are not liable for the acts or omissions of any other person.

## FIFTH DEFENSE

Centurion Defendants, to the extent applicable, assert all affirmative defenses listed in Rule (8)(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## SIXTH DEFENSE

The damages allegedly suffered by Decedent, if any, were the result of his own acts and/or his failure to mitigate his damages.

## SEVENTH DEFENSE

Plaintiffs cannot establish that Centurion Defendants acted with a deliberate indifference to Decedent's serious medical need.

## EIGHTH DEFENSE

Any purported injury to Decedent was not caused by Centurion Defendants and, instead, was caused by other factors including, but not limited to, other actors.

## NINTH DEFENSE

Centurion Defendants are immune under the federal doctrine of qualified immunity.

## TENTH DEFENSE

Centurion Defendants are immune under Florida State law, including, but not limited to, Florida's sovereign immunity statute, which immunizes the Centurion Defendants and places a cap on Plaintiffs' damages.

## ELEVENTH DEFENSE

Centurion Defendants assert that some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

## RESERVATION OF DEFENSES

Centurion Defendants reserve the right to affirmatively plead all other defenses and affirmative defenses available to them that may become applicable through discovery and during the trial of this cause.

## GENERAL DENIAL

To the extent not expressly admitted above, Centurion Defendants deny every other allegation in the Third Amended Complaint that makes a claim against them. Centurion Defendants deny any claim or allegation that they denied Decedent needed medical care or that they acted with deliberate indifference to any serious medical need of Decedent. Centurion Defendants also deny that they denied Decedent due process or any other right. Centurion Defendants further deny that Plaintiffs are entitled to any relief whatsoever.

Dated: November 16, 2021.

                                        */s/ Brian A. Wahl*
                                        Brian A. Wahl (FBN 95777)
                                        BRADLEY ARANT BOULT CUMMINGS LLP
                                        One Federal Place
                                        1819 5th Avenue North
                                        Birmingham, AL 35203
                                        Tel: (205) 521-8000 | Fax: (205) 521-8800
                                        bwahl@bradley.com

R. Craig Mayfield (FBN 429643)
Jacob Hanson (FBN 91453)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
cmayfield@bradley.com
jhanson@bradley.com

Molly M. Walker (MSB 100689)
James William Manuel (MSB 9891)
***Admitted Pro Hac Vice***
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, MS 39215-1789
Tel: (601) 948-8000 | Fax: (601) 948-3000
mmwalker@bradley.com
wmanuel@bradley.com

***Counsel for Defendants Centurion of Florida, LLC; Rakesh Sharma; Marinette Gonzalez Morales; David Rodriguez; Gerardo Pedroza; Tanesha Adkins; Elizabeth Morton; Clarissa Moody; Priscilla Roberts; Tamara Taylor; Alex Renelus; Kayla McCarter; and Stacy Cooper***

# CERTIFICATE OF SERVICE

    I hereby certify that on November 16, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, as follows:

Jesse B. Wilkison, Esq.
Sheppard, White, Kachergus & DeMaggio, P.A.
215 N. Washington Street
Jacksonville, FL 32202
sheplaw@sheppardwhite.com
***Counsel for Plaintiff***

Sarah C. Grady, Esq.
Stephen H. Weil, Esq.
Isabella Aguilar
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
sarah@loevy.com
weil@loevy.com
aguilar@loevy.com
***Co-Counsel for Plaintiff***

Michael L. Glass, Esq.
Daniela Mason, Esq.
Stone, Glass & Connolly, LLP
3020 Hartley Road, Suite 250
Jacksonville, FL 32257
mglass@sgc-attorneys.com
dmason@sgc-attorneys.com
***Counsel for Julies Jones, Erich Hummel, Thomas Reimers, Timothy Whalen and David Allen***

Claire R. Hurley, Esq.
COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9234
Primary e-mail: claire.hurley@csklegal.com
**Counsel for Defendant Tabatha Mahoney**

/s/ Brian A. Wahl
**Counsel for Defendants Centurion of Florida, LLC; Rakesh Sharma; Marinette Gonzalez Morales; David Rodriguez; Gerardo Pedroza; Tanesha Adkins; Elizabeth Morton; Clarissa Moody; Priscilla Roberts; Tamara Taylor; Alex Renelus; Kayla McCarter; and Stacy Cooper**