UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division
Case No.: 3:20-cv-00036-BJD-JRK

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators of the
Estate of Curtis Dettman,

    Plaintiffs,                           CASE NO.: 3:20-cv-00036-BJD-JRK

v.

CENTURION OF FLORIDA, LLC; RAKESH
SHARMA; MARINETTE GONZALEZ;
DAVID RODRIGUEZ; GERARDO
PEDROZA; ALEX RENELUS; KAYLA
MCCARTER; SHARON COOPER;
TANESHA ADKINS; ELIZABETH
MORTON; CLARISSA MOODYL TABATHA
MAHONEY; PRISCILLA ROBERTS;
TAMARA TAYLOR; ROBERT E. SMITH,
JR.; JULIE JONES; ERICH HUMMEL;
THOMAS REIMERS; TIMOTHY WHALEN;
DAVID ALLEN; and MAURICE RADFORD;

    Defendants.

_____/

## DEFENDANT, TABATHA MAHONEY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW Defendant, TABATHA MAHONEY, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 8(b) and (c), and hereby files her Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint and states:

### INTRODUCTION

1.    Denied.

CASE NO.: 3:20-cv-00036-BJD-JRK

2.      Denied.

3.      Denied.

## JURISIDICTION AND VENUE

4.      Admitted for jurisdictional purposes only. All other averments contained within this paragraph are denied.

5.      Admitted for jurisdictional purposes only. All other averments contained within this paragraph are denied.

## PARTIES

6.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 6, and therefore denies.

7.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 7, and therefore denies.

8.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 8, and therefore denies.

9.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 9, and therefore denies.

10.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 10, and therefore denies.

11.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 11, and therefore denies.

12.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 12, and therefore denies.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

13.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 13, and therefore denies.

14.     Denied.

15.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 15, and therefore denies.

16.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 16, and therefore denies.

17.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 17, and therefore denies.

18.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 18, and therefore denies.

19.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 19, and therefore denies.

## **ALLEGATIONS**

20.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 20, and therefore denies.

21.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 21, and therefore denies.

22.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 22, and therefore denies.

23.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 23, and therefore denies.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

24.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 24, and therefore denies.

25.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 25, and therefore denies.

26.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 26, and therefore denies.

27.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 27, and therefore denies.

28.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 28, and therefore denies.

29.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 29, and therefore denies.

30.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 30, and therefore denies.

31.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 31, and therefore denies.

32.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 32, and therefore denies.

33.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 33, and therefore denies.

34.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 34, and therefore denies.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

35.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 35, and therefore denies.

36.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 36, and therefore denies.

37.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 37, and therefore denies.

38.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 38, and therefore denies.

39.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 39, and therefore denies.

40.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 40, and therefore denies.

41.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 41, and therefore denies.

42.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 42, and therefore denies.

43.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 43, and therefore denies.

44.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 44, and therefore denies.

45.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 45, and therefore denies.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

46.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 46, and therefore denies.

47.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 47, and therefore denies.

48.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 48, and therefore denies.

49.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 49, and therefore denies.

50.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 50, and therefore denies.

51.      Denied.

52.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 52, and therefore denies.

53.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 53, and therefore denies.

54.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 54, and therefore denies.

55.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 55, and therefore denies.

56.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 56, and therefore denies.

57.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 57, and therefore denies.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

58.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 58, and therefore denies.

59.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 59, and therefore denies.

60.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 60, and therefore denies.

61.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 61, and therefore denies.

62.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 62, and therefore denies.

63.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 63, and therefore denies.

64.    Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 64, and therefore denies.

## COUNT 1
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## CENTURION OF FLORIDA, LLC

65.    Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 65 through 72 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraphs 65 through 72, and therefore denies.

## COUNT 2
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT

7

CASE NO.: 3:20-cv-00036-BJD-JRK

**RAKESH SHARMA**

73.     Defendant restates and incorporates the responses to paragraph 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 73 through 75 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraphs 73 through 75, and therefore denies.

**COUNT 3**
**42 U.S.C. § 1983 – EIGHTH AMENDMENT**
**MARINETTE GONZALEZ**

76.     Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 76 through 78 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 76 through 78, and therefore denies.

**COUNT 4**
**42 U.S.C. § 1983 – EIGHTH AMENDMENT**
**DAVID RODRIGUEZ**

79.     Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 79 through 81 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 79 through 81, and therefore denies.

**COUNT 5**
**42 U.S.C. § 1983 – EIGHTH AMENDMENT**

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

**GERARDO PEDROZA**

82.     Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 82 through 84 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 82 through 84, and therefore denies.

## COUNT 6
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## NURSE ALEX RENELUS

85.     Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 85 through 88 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 85 through 88, and therefore denies.

## COUNT 7
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## KAYLA MCCARTER

89.     Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 89 through 92 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 89 through 92, and therefore denies.

## COUNT 8
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

**STACY COOPER**

93.     Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 93 through 96 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 93 through 96, and therefore denies.

### COUNT 9
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### TANESHA ADKINS

97.     Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 97 through 99 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 97 through 99, and therefore denies.

### COUNT 10
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT
### ELIZABETH MORTON

100.    Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 100 through 102 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 100 through 102, and therefore denies.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

## COUNT 11
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## CLARISSA MOODY

103.    Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein. The allegations contained in paragraphs 103 through 105 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 103 through 105, and therefore denies.

## COUNT 12
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## TABATHA MAHONEY

106.    Defendant restates and incorporates the responses to paragraphs 1 through 64 above, as fully stated herein.

107.    Denied.

108.    Denied.

## COUNT 13
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## PRISCILLA ROBERTS

109.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein. The allegations contained in paragraphs 109 through 111 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 109 through 111, and therefore denies.

## COUNT 14

11

CASE NO.: 3:20-cv-00036-BJD-JRK

**42 U.S.C. § 1983 – EIGHTH AMENDMENT**
**TAMARA TAYLOR**

112.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein. The allegations contained in paragraphs 112 through 114 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 112 through 114, and therefore denies.

**COUNT 15**
**42 U.S.C. § 1983 – EIGHTH AMENDMENT**
**ROBERT E. SMITH, JR.**

115.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein. The allegations contained in paragraphs 115 through 117 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 115 through 117, and therefore denies.

**COUNT 16**
**42 U.S.C. § 1983 – EIGHTH AMENDMENT**
**JULIE JONES**

118.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein. The allegations contained in paragraphs 118 through 120 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 118 through 120, and therefore denies.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

## COUNT 17
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## ERICH HUMMEL

121.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein. The allegations contained in paragraphs 121 through 123 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 121 through 123, and therefore denies.

## COUNT 18
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## THOMAS REIMERS

124.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein. The allegations contained in paragraphs 124 through 126 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 124 through 126, and therefore denies.

## COUNT 19
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## TIMOTHY WHALEN

127.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein. The allegations contained in paragraphs 127 through 129 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 127 through 129, and therefore denies.

## COUNT 20
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## DAVID ALLEN

130.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein. The allegations contained in paragraphs 130 through 132 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 130 through 132, and therefore denies.

## COUNT 21
## 42 U.S.C. § 1983 – EIGHTH AMENDMENT
## MAURICE RADFORD

133.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein. The allegations contained in paragraphs 133 through 135 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 133 through 135, and therefore denies.

## COUNT 22
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DEFENDANTS RAKESH SHARMA; PRISCILLA ROBERTS; MARINETTE GONZALEZ; DAVID RODRIGUEZ; GERARDO PEDROZA; KAYLA MCCARTER; ALEX RENELUS; Stacy COOPER; TANESHA ADKINS; ELIZABETH MORTON; CLARISSA MOODY; TABATHA MAHONEY

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

136.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

## COUNT 23
## RESPONDEAT SUPERIOR
## CENTURION OF FLORIDA, LLC

142.    Defendant restates and incorporates the responses to paragraphs 1 through 64, 106 through 108, and 136 through 141 above, as fully stated herein. The allegations contained in paragraphs 142 through 145 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 142 through 145, and therefore denies.

## COUNT 24
## F.S.A. § 768.19 – WRONGFUL DEATH
## CENTURION OF FLORIDA, LLC

146.    Defendant restates and incorporates the responses to paragraphs 1 through 64 as fully stated herein. The allegations contained in paragraphs 146 through 150 pertain to a party other than the Defendant. Thus, Defendant is not required to respond, but to the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 146 through 150, and therefore denies.

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

WHEREFORE, having fully answered the Complaint, the Defendant, TABATHA MAHONEY, denies that the Plaintiff is entitled to the relief sought, or any relief whatsoever, including compensatory damages, punitive damages, and attorney's fees and costs, and further demands trial by jury of all issues so triable as of right.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the alleged violation was not willful.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts and preserves the defense of Plaintiff's failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state facts against Defendant that would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

### FOURTH AFFIRMATIVE DEFENSE

Defendant states that the sole proximate cause of Plaintiff's alleged damages were due to the negligence and/or wrongful acts or misconduct of some other third party.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off from any named co-defendant having settled the claim brought against them in this lawsuit and for any amounts recovered or recoverable by the Plaintiff from any other parties or third parties.

### SIXTH AFFIRMATIVE DEFENSE

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

Defendant asserts entitlement to a reasonable award of attorneys' fees and costs incurred in defending this frivolous action, where the allegations are neither grounded in fact after a reasonable inquiry, nor warranted by law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish that Defendant acted with deliberate indifference to Decedent's serious medical need.

## EIGHTH AFFIRMATIVE DEFENSE

There is insufficient evidence to support a claim pursuant to 42 U.S.C. Sec. 1983 nor a claim for punitive damages and/or attorney's fees. The allegations in the light most favorable to the Plaintiff do not establish conduct that is punitive.

## NINTH AFFIRMATIVE DEFENSE

If a duty did exist between Defendant and Decedent, the duty was not breached by Defendant nor is there sufficient evidence to prove medical or legal causal connection between the course and scope of Defendant's duties and Decedent's death.

## TENTH AFFIRMATIVE DEFENSE

Defendant is immune under the federal doctrine of qualified immunity

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of December, 2021, a true and correct copy of the foregoing was filed with the Clerk of Middle - Jacksonville County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Jesse B. Wilkison, Esq., Sheppard, White, Kachergus & DeMaggio, P.A., sheplaw@att.net, 215 N. Washington Street, Jacksonville, FL 32202, (904) 356-

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 3:20-cv-00036-BJD-JRK

9661/(904) 356-9667 (F), Attorney for Plaintiffs, Caron Dettmann, Sarah McCrimmon and Estate of Curtis Dettman.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9230
Facsimile (561) 683-8977
Primary e-mail: claire.hurley@csklegal.com
Secondary e-mail: claire.hurley@csklegal.com
Alternate e-mail:  shalonda.cox@csklegal.com

By:   s/ Claire R. Hurley
      BARRY A. POSTMAN
      Florida Bar No.: 991856
      CLAIRE R. HURLEY
      Florida Bar No.:  78977

3467.0589-00