# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SARAH MCCRIMMON and CARON )
DETTMANN, as Co-Administrators of )
the Estate of Curtis Dettmann, )
)
    Plaintiffs, )
)
    v. ) Case No. 3:20-cv-0036-BJD-
) LLL
CENTURION OF FLORIDA, LLC, et al., )
)
    Defendants. )

## PLAINTIFFS' RESPONSE TO THE CENTURION DEFENDANTS' MOTION FOR STAY, DISCOVERY, AND PROTECTIVE ORDER

Plaintiffs, through their undersigned counsel, respectfully submit this response to the Centurion Defendants' Emergency Motion for Stay, Discovery, and Protective Order (Dkt. 183) and Request for Oral Argument (Dkt. 184), stating as follows:

### INTRODUCTION

The Centurion Defendants have filed a motion regarding the disclosure of certain information to Plaintiff Sarah McCrimmon by a mock juror hired by Centurion.[1] Immediately upon receiving that information, Ms. McCrimmon contacted her counsel, who promptly reported it to counsel for

---

[1] The Centurion Defendants have also filed a request for oral argument on their motion. Dkt. 184. Plaintiffs do not take a position on that request and would be happy to attend such a motion hearing if the Court believed that one would be helpful.

1

the Centurion Defendants. The conduct of both Ms. McCrimmon and her counsel was wholly appropriate and precisely the kind of prompt and above-board conduct that courts encourage of litigants.

The Centurion Defendants do not dispute this fact. Nor do they dispute that the disclosure of the information by one of their agents was not attributable to Plaintiff or her counsel in any way. Despite those facts, they ask this Court to impose an extraordinary remedy: a 90-day stay of the entire case and invasive discovery that includes a deposition of Plaintiffs' counsel and a second deposition of Ms. McCrimmon. Neither the case law nor the facts support those requests and they should be denied.[2]

## BACKGROUND

On the evening of December 15, Plaintiff Sarah McCrimmon was contacted by a person on Facebook claiming to have information regarding her brother. The person asked Ms. McCrimmon to call him, which she did. On the call, the person told her about a mock trial/focus group that he had participated in, as described by the Centurion Defendants in their motion. Dkt. 183 at 2-3. Ms. McCrimmon promptly contacted her counsel, Sarah Grady. Ms. Grady immediately took action to understand her ethical responsibilities given the novelty of the situation, and on Friday, December

---

[2] Defendants also request a protective order. As discussed below, *see infra* pg. XX, Plaintiffs do not object to such a protective order, and expect that they will be able to reach agreement with Defendants about the particulars of such an order.

17, she contacted defense counsel, Brian Wahl, to fully disclose what she had learned regarding the information provided to Ms. McCrimmon by the mock juror. As Ms. Grady reported to counsel for the Centurion Defendants on December 17, she did not make any notes regarding the contents of the information that she had learned.

Over the weekend, Mr. Wahl requested information that would identify the person who had contacted Ms. McCrimmon. On Monday, Plaintiffs provided not only the requested information, but a screenshot of the written communications between the person and Ms. McCrimmon. That screenshot shows that the communication was initiated by the mock juror—not Ms. McCrimmon—and without any details suggesting what information he had regarding her brother or the case.

## DISCUSSION

In their motion, the Centurion Defendants seek three forms a relief: (a) a stay of the entire case, (b) an unspecified amount of written and oral discovery, including at minimum a second deposition of Ms. McCrimmon and a deposition of Ms. Grady, and (c) a protective order directing Ms. McCrimmon and her counsel not to disseminate the information disclosed to her by the mock juror. Dkt. 183 at 4. The Centurion Defendants argue that the stay and discovery are necessary to prepare for a possible motion to disqualify Plaintiffs' counsel. The Centurion Defendants note, however, that

3

they have no information indicating that Plaintiffs' counsel behaved inappropriately in any way, and are not accusing Ms. Grady or Plaintiffs' counsel of any ethical violations. *Id.* at 8 n.3.

Plaintiffs do not oppose the entry of a protective order and agree that some form of a protective order is entirely appropriate in these circumstances. Plaintiffs expect that such an order would include provisions to ensure that appropriate communications and requests for legal advice could occur. Plaintiffs are confident that the parties could work out the particulars of such an order to ensure that Defendants' needs are met.

Defendants' request for a stay and invasive discovery, on the other hand, is an entirely different matter. The Centurion Defendants propose an extraordinary remedy: both a lengthy stay and highly invasive discovery that has nothing to do with the merits of this case. The only possible purpose of this discovery—as Defendants admit—is to gather information for an attempt to disqualify of Plaintiffs' counsel. What the Centurion Defendants omit from their motion, however, is that the law is clear: for disqualification in these circumstances to occur, the counsel who received an inadvertent disclosure must have behaved inappropriately in some manner. And as the Centurion Defendants concede, there is no suggestion, in any form, that Plaintiffs' counsel behaved inappropriately in any way. To the contrary, the

4

disclosure of the information at issue occurred through no fault of Plaintiffs, and Plaintiffs' counsel acted expeditiously to ensure that the information was fully disclosed to Defendants immediately. Defendants' motion for discovery and a stay should be denied.

### I.   There Is No Basis to Permit the Invasive Discovery Defendants Seek.

The Centurion Defendants seek, at a minimum, written discovery to Plaintiffs, a second deposition of Ms. McCrimmon, and a deposition of Ms. Grady and the mock juror. Defendants contend that this is necessary to prepare for a possible motion to disqualify Plaintiffs' counsel. But Defendants concede that there is simply no indication that Plaintiffs' counsel engaged in any misconduct whatsoever regarding the mock juror's disclosure. That concession is dispositive as to their ability to prevail, or even to bring, such a disqualification motion.

Disqualification of a party's counsel is "a drastic remedy that should be resorted to sparingly." *JAWHBS, LLC v. Arevalo*, 224 F. Supp. 3d 1296, 1299 (S.D. Fla. 2016); *see also Lieberman v. Lieberman*, 160 So. 3d 73, 75 (Fla. Dist. Ct. App. 2014). Given the severe prejudice that would result, "a party's presumptive right to counsel of its choice may be overridden only if the moving party demonstrates a 'compelling reason' for disqualification." *Itamar Med. Ltd. v. Ectosense NV & Virtuox, Inc.*, 2021 WL 6066261, at *3 (S.D. Fla.

Dec. 7, 2021) (citing *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)).

Pursuant to Eleventh Circuit precedent, motions to disqualify may be grounded either on the local rules of professional conduct or federal common law. *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006). But in either event, a disqualification motion must be premised on an assertion that counsel has engaged in misconduct—typically a violation of counsel's ethical responsibilities. *Itamar Med. Ltd.*, 2021 WL 6066261, at *4 (discussing the showing required to satisfy both approaches); *Gibson v. Health Mgmt. Assocs., Inc.*, 2007 WL 9723120, at *5 (M.D. Fla. Jan. 3, 2017); *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 2009 WL 982456, at *5 (S.D. Fla. Apr. 10, 2009); *see also Broward Bank v. Sammons*, 632 So. 2d 733, 734 (Fla. 1994) (quashing trial court's order disqualifying counsel because "[t]he circumstances do not give rise to any appearance of impropriety, much less to the kind of appearance warranting the drastic remedy of disqualifying a litigant's civil trial lawyer"); *Coral Reef of Key Biscayne Developers, Inc. v. Lloyd's Underwriters at London*, 911 So. 2d 155, 158 (Fla. Dist. Ct. App. 2005) (recognizing that most courts require a showing that counsel engaged in unethical conduct, *and* that the unethical conduct caused the movant to suffer severe prejudice).

"An attorney who promptly notifies the producing party of the inadvertent disclosure of privileged and protected documents and immediately returns the inadvertently produced documents without exercising any unfair advantage will not be subject to disqualification." *Peterson v. PNC Bank*, 2019 WL 2233268, at *7 (M.D. Fla. Jan. 24, 2019), *overruled in part on other grounds*, 2019 WL 2022446 (M.D. Fla. May 8, 2019); *see also Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). That is precisely what happened here. Immediately after being made aware of the mock juror's disclosure, Ms. Grady endeavored to understand her ethical responsibilities, and then to promptly divulge everything that she had learned to counsel for the Centurion Defendants, in compliance with her ethical responsibilities. There is simply no basis for Defendants to bring a disqualification motion, let alone prevail.

Given the futility of any attempt to disqualify counsel, the Court should not permit Defendants the invasive discovery they seek.[3] Depositions of litigation counsel like Ms. Grady are strongly disfavored. *See, e.g., Axiom Worldwide, Inc. v. HTRD Grp. Hong Kong Ltd.*, 2013 WL 230241, at *2 (M.D. Fla. Jan. 22, 2013); *Great Am. Assurance Co. v. Ride Solution, Inc.*, 2019 WL

---

[3] Defendants contend they also wish to issue written discovery to Plaintiffs. From Plaintiffs' perspective, the Centurion Defendants do not require leave of Court to issue any such requests. Accordingly, Plaintiffs do not object to that portion of Defendants' motion except to say that court-ordered relief on that score is unnecessary.

13023802, at *2 (M.D. Fla. Aug. 21, 2019) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). To permit such a deposition of opposing counsel, courts in this District typically require the moving party to show "that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." *Great Am. Assurance Co.*, 2019 WL 13023802, at *2. Some courts also require a showing that the need for the information outweighs the dangers of the deposition. *Id.*; *see also LaJoie v. Pavcon, Inc.*, 1998 WL 526784, at *1 (M.D. Fla. June 24, 1998). The lack of alternative methods to obtain the information is also part of the showing required to obtain a second deposition of a party like Ms. McCrimmon. *See Deltona Transformer Corp. v. NOCO Co.*, 2021 WL 4444000, at *3 (M.D. Fla. July 1, 2021).

In this case, Defendants have offered no such showing. They have not attempted to gather any information regarding the discussion between Ms. McCrimmon and the mock juror through written discovery, nor have they requested that Ms. Grady sign a declaration attesting under oath to the information she already provided to defense counsel immediately after learning of it. Indeed, Defendants have not requested anything other than formal depositions which necessarily will require Plaintiffs and their counsel to devote significant time and expense to issues that have nothing to do with

8

underlying merits of the case. *See Shelton*, 805 F.2d at 1327 (describing the substantial burdens imposed by permitting a deposition of trial counsel). Such burdensome and invasive discovery is particularly inappropriate given the total lack of any evidence or even indication that Plaintiffs or their counsel engaged in any misconduct whatsoever.

    Centurion cites to *Walker v. GEICO Indemnity Co.*, 2016 WL 11578804, at *1 (M.D. Fla. July 12, 2016), in support of its request for discovery. But in *Walker*, the party requesting the discovery (the plaintiff) already had evidence indicating that some misconduct had occurred, as counsel only learned of the inadvertently disclosed information when defense counsel used used it to bolster their defense of the case. *Walker v. GEICO Indemnity Co.*, 2017 WL 1174234, at *3 (M.D. Fla. Mar. 30, 2017) (describing how the plaintiff was notified of the disclosure). Notably, at the time that the district court permitted discovery, including the deposition of the attorney alleged to have engaged in the misconduct, the plaintiff in *Walker* had already filed a motion to disqualify counsel, asserting a good-faith basis to believe that counsel had violated Florida's governing ethical rules. It was based on that pending motion that the district court permitted discovery in advance of an evidentiary hearing to resolve the motion. *Walker*, 2016 WL 11578804, at *1-2.

9

In this case, the Centurion Defendants do not contend that they believe discovery will uncover misconduct by Ms. Grady or any other of Plaintiffs' counsel. To their credit, they candidly acknowledge the opposite: that there is no indication of any impropriety. Dkt. 183 at 8 n.3. They instead ask for discovery in case there might be some undiscovered impropriety that has not been discovered or even implied by counsel's course of conduct. But there can be little dispute that such a request is no more than a blatant fishing expedition, something Centurion itself has repeatedly noted is outside of the bounds of discovery. *See, e.g.,* Dkt. 155 at 9 (citing *Feise v. N. Broward Hosp. Dist.*, 2015 WL 13309321, at *3 (S.D. Fla. Apr. 27, 2015)). Given the incredibly intrusive nature of the discovery that they seek and the complete lack of any evidence indicating that such discovery will yield any basis for a disqualification motion (or any other motion), this Court should deny Defendants' request.

## II. Defendants Have Not Shown Good Cause to Justify a 90-Day Stay of the Entire Case.

The Centurion Defendants also ask for a stay of the entire case of 90 days while they investigate the disclosure by the mock juror. Dkt. 183 at 4. Defendants assert in conclusory fashion that such a stay is necessary to permit discovery and to "ensure that the juror's disclosures do not unfairly impact the course of this litigation[,]" *id.* at 10, but they do not explain why

10

such a stay would be necessary to protect against unfair impact, how any such impact would occur, or why such a concern is sufficient to warrant the highly prejudicial action of a lengthy stay of all discovery. Instead, Centurion simply asks for an advantage—a complete stop to Plaintiffs' prosecution of the case—without any justification at all.

To obtain a stay of discovery, the movant "bears the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006); *see also Hillery v. Dick Baird, Inc.*, 2019 WL 13082690, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District recognize that a stay inherently inflicts harm by imposing a delay in discovery and the ultimate resolution of the case. *McCabe*, 233 F.R.D. at 685; *Hillery*, 2019 WL 13082690, at *2. Although the circumstances often vary from case to case, courts generally find that a stay is most appropriate when there is an indication that a pending motion has some reasonable chance of disposing of the need to conduct discovery altogether. *See, e.g., Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (collecting cases); *see also Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 2013 WL 12156037, at *1 (M.D. Fla. Dec. 13, 2013).

In this case, Defendants have made no such showing. They have not even explained how a stay will serve the legitimate interests of any party or the Court, much less established that such interests should outweigh the

prejudice that a stay would pose to Plaintiffs and this Court's interest to secure the just and speedy determination of every action. *See* Fed. R. Civ. P. 1. As noted above, Defendants have no basis to file a disqualification motion and have not suggested that they intend to file any other motion or other request that might justify their stay request. Similarly, there is no basis to believe that Plaintiffs' counsel has used or will in the future use any of the information disclosed to her—information which she immediately reported to defense counsel—in any inappropriate way. Instead, the Centurion Defendants appear to ask this Court to stay all merits discovery so that they can see what information might exist and what possible advantage they might make of it.

That is not good cause, and it is no basis to stay the case. To the contrary, it would effectively punish Ms. McCrimmon and her counsel for their immediate action to ensure that the mock juror's disclosure did *not* go unreported to Defendants. *Cf. Shelton*, 805 F.2d at 1327 (noting that rules that penalize a client for truthfully communicating with her counsel have an obvious "chilling effect" on such communications). And it asks this Court to confer an advantage on Centurion based on a disclosure by one of its agents that is not attributable to Plaintiffs in any way.

Simply put, Defendants have not shown good cause for a stay. They have not even articulated why they believe the basic prosecution and defense

of this case—including depositions of other witnesses, the exchanging of written discovery, or the resolution of pending discovery motions—presents issues in any respect. Their request for a stay should be denied.

                                                                    Respectfully submitted,

                                                                    /s/ Sarah Grady
                                                                  Sarah Grady
                                                                  Counsel for Plaintiffs

Jon Loevy
Sarah Grady
Steve Weil
Isabella Aguilar
LOEVY & LOEVY
311 North Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
sarah@loevy.com

Jesse Wilkison
SHEPPARD, WHITE, KACHERGUS, & DEMAGGIO, P.A.
215 North Washington St.
Jacksonville, FL 32202
(904) 356-9661

## CERTIFICATE OF SERVICE

    I, Sarah Grady, an attorney, hereby certify that on January 3, 2022, I caused a copy of the foregoing to be filed using the Court's CM/ECF filing system, effecting service on all counsel of record.

                                        /s/ Sarah Grady
                                        Sarah Grady
                                        Counsel for Plaintiffs