UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAH MCCRIMMON and CARON
DETTMANN, as Co-Administrators
of the Estate of Curtis Dettmann,

        Plaintiffs,

v.                                              Case No. 3:20-cv-36-BJD-JRK

CENTURION OF FLORIDA, LLC,
et al.,

        Defendants.
_____

## **ORDER**

      This cause is before the Court on the Centurion Defendants' emergency motion for stay, discovery, and protective order (Doc. 183; Motion), which Plaintiffs oppose in part (Doc. 187; Resp.). The Centurion Defendants contend the relief they seek is warranted because a person who served as a mock juror for a December 15, 2021 mock trial and focus group, which the Centurion Defendants arranged, unilaterally and in violation of a confidentiality agreement, contacted a named Plaintiff, Ms. McCrimmon, immediately after the mock trial. See Motion at 1-2. According to the Centurion Defendants, the mock juror "divulged confidential work product to [Ms. McCrimmon]." Id. at 2.

The Centurion Defendants concede that Ms. McCrimmon immediately informed her attorney of the communication, and Ms. McCrimmon's attorney then contacted the Centurion Defendants' attorney. Id. Upon learning of the communication, the Centurion Defendants' attorney contacted the jury consulting firm they hired to conduct the mock trial, and the firm in turn "sent a letter directing the [mock] juror to cease and desist disseminating the Centurion Defendants' confidential work product." Id. at 3. The mock juror acknowledged receipt of the letter. Id.

Despite Plaintiffs' counsel's "prompt and above-board conduct," see Resp. at 2, the Centurion Defendants seeks a stay of the case so they can "investigate and contain this disclosure," see Motion at 2. Specifically, the Centurion Defendants ask the Court to stay the case for ninety days so they can conduct targeted discovery, including taking the deposition of Plaintiffs' attorney, because they have "not yet been able to determine the extent of the mock juror's disclosure to Ms. McCrimmon, nor Ms. McCrimmon's disclosure of work product to her counsel." Id. at 3-4, 10. In response, Plaintiffs' attorney represents she not only sent the Centurion Defendants the name of the mock juror who contacted Ms. McCrimmon, "but [also sent] a screenshot of the written communications between the [mock juror] and Ms. McCrimmon." See Resp. at 3.

The Centurion Defendants also seek entry of a protective order "directing any party or attorney who received the confidential information to not disseminate it to anyone else," id. at 4, which Plaintiffs do not oppose, see Resp. at 2 n.2, 4. Indeed, Plaintiffs' attorney concedes "some form of a protective order is entirely appropriate in these circumstances," and she expects the parties will be able to reach "an agreement . . . about the particulars of such an order." Id. at 2 n.2.

Upon review, the Court finds a stay of the case is not warranted and is troubled by the Centurion Defendants' designation of their motion as an emergency.[1] Plaintiffs' counsel's point is well taken:

> [T]he Centurion Defendants appear to ask this Court to stay all merits discovery so that they can see what information might exist and what possible advantage they might make of it.
>
> That is not good cause, and it is no basis to stay the case. To the contrary, it would effectively punish Ms. McCrimmon and her counsel for their immediate action to ensure that the mock juror's disclosure did not go unreported to Defendants.

Resp. at 12 (emphasis in original).

---

[1] "The unwarranted designation of a motion as an emergency can result in a sanction." See M.D. Fla. R. 3.01(e). The Court will afford counsel the benefit of the doubt given the unique circumstances, but, as counsel knows, the Court has a busy docket.

An unfortunate incident has occurred, but any impact that incident may have on this case is merely speculative. If the Centurion Defendants later learn facts that would support a motion to disqualify or for sanctions, they may file an appropriate motion at the appropriate time.[2] Additionally, the parties may submit a joint motion for entry of a protective order in accordance with applicable rules once they have reached an agreement as to the particulars of such an order. As to the request to investigate what communications took place between the mock juror and Ms. McCrimmon, Plaintiffs' counsel represents she does not object to certain, targeted written discovery directed to Ms. McCrimmon. Id. at 7 n.3, 8. Counsel shall continue to confer in good faith and exchange written information in accordance with their ethical and professional obligations under the circumstances. But the Court will not direct Plaintiffs' counsel to submit to a deposition.

Accordingly, it is now

**ORDERED:**

1. The Centurion Defendants' emergency motion for stay, discovery, and protective order (Doc. 183) is **DENIED**.

---

[2] The Centurion Defendants note in their motion that they "are not aware of any ethical violations by [Plaintiffs' counsel] or her firm." See Motion at 8 n.3.

  2. The Centurion Defendants' request for oral argument (Doc. 184) is **DENIED as moot**.

  **DONE AND ORDERED** at Jacksonville, Florida, this 6th day of January 2022.

                _____
                BRIAN J. DAVIS
               United States District Judge

Jax-6
c:
Counsel of Record